Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

     Of Attorneys for Debtor-in-Possession

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 09-34880-elp11 |
| | ) |
| Teufel Nursery, Inc., | ) |
| | ) MOTION FOR INTERIM ORDER |
| | ) AUTHORIZING USE OF CASH COLLATERAL |
| | ) OF DEBTOR-IN-POSSESSION AND |
| | ) GRANTING ADEQUATE PROTECTION AND |
| | ) REQUEST FOR PRELIMINARY HEARING |
| Debtor-in-Possession. | ) **(Expedited Hearing Requested)** |

Debtor-in-Possession Teufel Nursery, Inc., ("Debtor"), pursuant to Sections 105(a)

and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), moves the

Court for entry of an interim order authorizing use of cash collateral as defined by §363(a)

of the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states as

follows:

On June  24, 2009, Debtor commenced a reorganization case by the filing of a

voluntary petition under Chapter 11 of the United States Bankruptcy Code.  Pursuant to

§1107 and §1108 of the Code, Debtor is continuing in possession of its property and is

operating and managing its business as a debtor-in-possession.

Page 1 of 8 -  MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-
POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY
HEARING
VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**DEBTOR'S BUSINESS**:

Debtor is a corporation headquartered in Portland, Oregon.  Debtor operates nurseries in three locations:  Portland, Oregon; Kent, Washington and McCall, Idaho, providing to the public premium quality plant materials, specialized tools and complete landscape services by its professionals.

**PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL**:

The following entities may claim a lien in the Cash Collateral based upon UCC financing statements on file with the Oregon Secretary of State:

| Creditor Name & Address | UCC No. & Recording Date | Collateral Description |
|---|---|---|
| Textron Financial Corporation 4949 SW Meadows Rd #500 Lake Oswego, OR 97035  fka  Systran Financial Services Corporation 4949 SW Meadows Rd #500 Lake Oswego, OR 97035 | 585866 04/30/02  585866-1* 07/02/02  585866-2* 11/17/06  585866-3* 11/21/06  585866-4* 04/20/07 | Blanket security interest in all cash collateral. |

*Indicates an Amendment to the UCC filing.

According to Debtor's records, the amounts owed to the UCC Lien Creditors are as follows:

| | |
|---|---|
| Textron Financial Corporation, fka Systran Financial Services Corporation (Line of Credit) | $4,854,691.20 |
| Textron Financial Corporation, fka Systran Financial Services Corporation (Term Note) | $628,333.00 |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Other than the liens noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

To preserve the value of Debtor as a going concern, Debtor requires the use of cash generated from its business to pay its operating expenses, including wages of its employees.

In order to formulate a plan of reorganization, Debtor requires the use of Cash Collateral for the payment of wages, salaries and operating expenses. Debtor proposes to use Cash Collateral of $7,477,010 on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**. Debtor's projected 31-day and 96-day operating expense budgets are attached to **Exhibit A** marked **Exhibits 1 and 2**, respectively (collectively, the "Budget").  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtor and/or electronic funds in transit.

Debtor has made reasonable efforts to secure alternative financing. Debtor is unable to obtain necessary financial accommodations for the expenses shown in **Exhibits 1 and 2** from any source.

After reasonable efforts, Debtor is unable pursuant to §364(a) or (b) of the Bankruptcy Code, to obtain unsecured credit allowable under §503(b)(1) of the Code as an administrative expense.

Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Interim Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will preserve Debtor's going concern value, maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING
VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Without the use of Cash Collateral, Debtor has insufficient funds to meet its expenses as itemized in **Exhibits 1 and 2**. Debtor has an immediate need for Cash Collateral to pay its payroll and other operating expenses and provide deposits to utilities as needed under 11 USC § 366 all of which will preserve the value of its business.

Debtor will suffer immediate and irreparable harm in that profits will be significantly reduced or eliminated and the value of the estate will be substantially diminished if Debtor is not permitted to use the Cash Collateral of $7,477,010 on an interim basis, in the amounts and for the purposes set forth in the Budget, to meet its necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing on Debtor's motion for authority to use Cash Collateral.

The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF  541.7.

## PROPOSED TERMS OF CASH COLLATERAL ORDER:

Debtor further proposes that its authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures under the Budget for that Budget period.

## PROPOSED ADEQUATE PROTECTION:

Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the petition date) in the value of the property of Debtor to which any of the liens of the parties identified herein shall have attached, and as security for and an

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

a.    A replacement lien on all of the post-petition property in which each of them has a pre-petition lien or security interest. The replacement liens shall have the same relative priority vis-á-vis one another as existed on the petition date with respect to the original liens.

b.    Each party granted a replacement lien herein shall be granted relief from the automatic stay to take all actions which may be required under federal or state law in any jurisdiction to validate or perfect the liens so granted.

c.    Debtor shall timely perform and complete all actions necessary and appropriate to protect said parties' collateral against diminution in value.

No other adequate protection is necessary due to the fact that Textron Financial Corporation holds collateral having an equity cushion of approximately five times the amount owed by Debtor as follows:

///

///

///

///

///

///

///

///

///

///

**Page 5 of 8 -**   MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Description | Value of Textron's Collateral - Teufel Nursery, Inc.'s Assets |
|---|---|
| Cash | $171,000.00 |
| ARs * | $7,740,000.00 |
| Inventory | $3,500,000.00 |
| Equipment | $3,000,000.00 |
| **Subtotal** | $14,411,000.00 |
| Less Liens Against the above Having Priority over Textron | ($287,000.00) |
| **Subtotal** | $14,124,000.00 |
| Plus Miller Road Real Estate Collateral (Owned by Teufel Holly Farms, Inc.) | $20,000,000.00 |
| **Subtotal** | $34,124,000.00 |
| Less Umpqua Bank's First Position on Miller Road | ($3,300,000.00) |
| Textron's Net Equity on its $4.5 million debt | $30,824,000.00 |

*(Face value of ARs = $9,140,000.00 less allowance for uncollectibles of $1,400,000.00 = $7,740,000.00)

A significant equity cushion is in and of itself sufficient adequate protection to support a

Debtor's request or use of cash collateral.  The Ninth Circuit Appellate Panel has found

that adequate protection existed where an 11.45% equity cushion existed:  See  In re

Boulders on the River, Inc., 164 B.R. 99 (9th Cir. B.A.P. 1994).  Nor is there any prohibition

about selling and using a secured creditor's collateral so long as the secured creditor is

adequately protected by the existence of other collateral.  See, Coventry Commons, 149

B.R. at 114., where the Court stated:

> "This Court begins with the proposition, affirmed by the District Court in this
> case, that under § 363, a debtor is entitled to use property in which a creditor
> has a security interest if that interest is adequately protected.  11 U.S.C.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

§ 363 (1989). This unremarkable principle applies both pre-confirmation and post-confirmation. If the mere fact that the debtor's property was subject to a security interest meant that it had to be used to pay off the secured creditor's claim, there would be no Chapter 11. All secured property would have to be surrendered to the secured creditor in payment of the debt.  Indeed, potential debtors would have substantial difficulty in obtaining counsel if the debtor were required to pay an undersecured creditor all of its available cash. The Court concludes that such cannot be the law, and to the extent that Travelers argues that all of its collateral, even its cash collateral, must be used to pay its debt, the Court rejects that argument. The Court specifically rejects Travelers' contention that United Sav. Ass'n v. Timber of Inwood Forest Assocs., 484 U.S. 365, 108 S.Ct, 626, 98 L.Ed.2d 740 (1988) requires such an absurd result. Coventry Commons, 149 B.R. at 114.

Here, Textron Financial Corporation has roughly a 500% equity cushion which more than adequately protects Textron Financial Corporation for any risk of loss associated with the use of cash collateral.

### NOTICE:

 No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001, of this motion or pending requisite notice of such motion.

WHEREFORE, Debtor moves for:

1.    An Interim Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

2.    An Order setting a preliminary hearing on this motion upon such notice as the Court may direct pursuant to Bankruptcy Rule 4001(b)(3) to authorize the expenditures set forth on **Exhibits 1 and 2** to this motion.

3.    That the Order and each of its terms shall be effective immediately upon entry by the Court and the automatic stay of judgment provisions of FRBP 8017(a) shall not apply;

///

**Page 7 of 8 -**  MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.      An Order setting a final hearing after notice on this Motion.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
     Robert J Vanden Bos, OSB #78100
     Of Attorneys for Debtor-in-Possession

**Page 8 of 8** - MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY HEARING

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 09-34880-elp11 |
| | ) | |
| Teufel Nursery, Inc., | ) | ORDER GRANTING MOTION FOR INTERIM |
| | ) | USE OF CASH COLLATERAL OF |
| | ) | DEBTOR-IN-POSSESSION AND GRANTING |
| | ) | ADEQUATE PROTECTION AND REQUEST |
| Debtor-in-Possession. | ) | FOR PRELIMINARY HEARING |

THIS MATTER came before the Court on _____, 2009  on the motion of

Debtor-in-Possession, Teufel Nursery, Inc. ("Debtor"), for interim authority to use cash

collateral, due and adequate notice under the circumstances having been given, and

the Court having heard the representations and argument of counsel, and being

otherwise fully advised,

The Court finds that:

A.      On June 24, 2009 (the "Petition Date"), Debtor filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code (the "Code"). The Debtor continues in

possession of its property and management of its businesses as debtor in-possession,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A
Page 1 of 11

in accordance with 11 U.S.C. §§ 1107 and 1108. No trustee or examiner has been

appointed.

B.      The Court has jurisdiction over this case under 28 U.S.C. §§ 157 and

1334.  Venue of this case is properly in this District under 28 U.S.C. §§ 1408 and 1409.

This matter is a core proceeding under 28 U.S.C. §157(b), 11 U.S.C. §§ 105(a) and 363

of the Code, FRBP 4001 and LBR 4001-1(c).

C.      Other than the "UCC Lien Creditors" shown in Paragraph J below, Debtor

is not aware of any parties holding an interest in or lien on the cash collateral as defined

in 11 U.S.C. §363(a), as the same existed on the Petition Date (the "Cash Collateral").

D.      A need exists for Debtor to use the Cash Collateral to assure the

continued operation of its business.  Without the use of Cash Collateral, Debtor will be

unable to pay, among other things, its operating expenses, including wages for its

employees and utilities necessary to prevent the spoliation of its inventory.

E.      To preserve the value of Debtor as a going concern, Debtor requires the

use of cash generated from its business to pay its operating expenses.

F.      Debtor has prepared a budget (attached as **Exhibit 1**, the "Budget") which

sets forth its estimated cash needs for the period from June 24, 2009 through

September 21, 2009 (the "Budget Period").

G.      Without the use of Cash Collateral, Debtor has insufficient funds to meet

its expenses and other payments set forth in the Budget.  Debtor has an immediate

need to use Cash Collateral to pay its payroll and other operating expenses and to

preserve the value of its business.

H.      Debtor will suffer immediate and irreparable harm if it is not permitted to

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A
Page 2 of 11

use up to $7,477,010.00 of Cash Collateral on an interim basis, in the amounts and for the purposes set forth in the Budget, to meet its necessary and ordinary course post-petition operating expenses prior to the time prescribed by FRBP 4001(b)(2) for a final hearing for authority to use Cash Collateral.

I.     This Order does not contain any of the "disfavored provisions" listed in LBF #541.7.

J.     Debtor believes that the following creditors, (the "UCC Lien Creditors"), appear to have security interest/liens upon the Cash Collateral as of the petition date:

| | |
|---|---|
| Textron Financial Corporation, fka Systran Financial Services Corporation | $5,483,024,43 ($4,854,691.20 credit line + $628,333.23 term note) |

NOW, THEREFORE, it is ORDERED as follows:

## CASH COLLATERAL:

1.     Debtor is authorized to use Cash Collateral not to exceed $_____ for the purposes specified in the Budget (inclusive of the $_____ allowed in this Court's prior Order).

2.     Debtor's authority to use Cash Collateral is limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed ten percent (10%) of the total projected expenditures under the Budget for the Budget Period.

## ADEQUATE PROTECTION:

3.     Notwithstanding anything to the contrary contained in 11 U.S.C. § 552(a),

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

as adequate protection for, and to secure payment of, an amount equal to the diminution in the value, if any, of the Cash Collateral arising from Debtor's use of the Cash Collateral post-petition, the UCC Lien Creditors are granted the following adequate protection:

       i.      A replacement lien on collateral of the same nature, kind and priority as existed on the Petition Date; provided, however, that such replacement lien shall not attach to avoidance or recovery actions of Debtor's estate under Chapter 5 of the Code; and provided, further, that such replacement lien shall be subject to all valid, properly perfected and enforceable liens and interests that existed as of the Petition Date (such property on which the replacement lien shall attach being referred to herein as the "Replacement Collateral").

       ii.     The interests of the UCC Lien Creditors in the Replacement Collateral shall have the same relative priorities as the liens held by them as of the Petition Date.

       iii.    Debtor shall timely perform and complete all actions necessary and appropriate to protect  the Cash Collateral against diminution in value.

    4.      If, notwithstanding the adequate protection provided by the terms of this Order, any of the UCC Lien Creditors has a claim allowable under 11 U.S.C. § 507(a)(2) arising from the stay of action against property of Debtor under 11 U.S.C. § 362, from the use, sale or lease of such property under 11 U.S.C. § 363, or from the granting of the replacement lien granted herein, then such creditor's claim under 11 U.S.C. § 507(a)(2) shall have priority over every other claim under such subsection as provided by 11 U.S.C. § 507(b).

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.      Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (f) enhance the secured position of any creditor as of the Petition Date.

6.      Debtor is authorized to execute and deliver to the UCC Lien Creditors such instruments considered by them to be necessary or desirable to perfect the security interests and liens given to them herein, and said parties are authorized to receive, file and record the same.

7.      Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid or voidable, are reserved. Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such cash.

///

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A
Page 5 of 11

## ADDITIONAL PROVISIONS

8.      Concurrently with the filing of its financial reports under Bankruptcy Rule 2015, Debtor shall provide the following monthly reports to each of the UCC Lien Creditors that requests such reports:  (a) a report detailing its then current inventory; (b) an aging report of its accounts receivable; and (c) a variance report comparing its actual performance to its budgeted performance for the Budget Period ending during the immediately preceding month.

9.      The provisions hereof and the effect of any actions taken hereunder shall survive issuance and entry of any order:  (a) confirming any plan of reorganization or liquidation; (b) appointing a trustee or examiner for the Debtor; (c) converting Debtor's case to one under Chapter 7 of the Code; or (d) dismissing Debtor's case.  The priorities, liens and security interests granted herein shall continue in these or any superseding cases under the Code, and any such liens and security interests shall maintain their priority as provided herein until satisfied and discharged subject to the Code.

10.      In the event any or all of the provisions of this Order are hereafter modified, amended or vacated by a subsequent order of this or any other court, no such modification, amendment or vacation shall affect the validity and enforceability of any lien or priority authorized or created hereby.  Notwithstanding any such modification, amendment or vacation, any claim granted hereunder arising prior to the effective date of such modification, amendment or vacation shall be governed in all respects by the original provisions of this Order.

11.      The final hearing on Debtor's Motion shall be held in Courtroom 1 of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A
Page 6 of 11

United States Bankruptcy Court for the District of Oregon, 1001 SW Fifth Avenue,

#700, Portland, Oregon  97204, on _____, 2009 at _____, or as soon thereafter

as counsel may be heard.

12.     A copy of this Order and Notice of the final hearing on Debtor's Motion

shall be served within two (2) days of entry of this Order pursuant to FRBP 7004 upon:

(a) Debtor's 20 largest unsecured creditors; (b) any known creditors claiming a security

interest in or lien on Cash Collateral; (c) the U.S. Trustee; and (d) all persons who have

requested notice pursuant to Bankruptcy Rule 2002.

13.     Objections, if any, to the relief requested in the motion shall be in writing,

shall state the name of the objecting party and the nature of the claim or interest of

such party, shall state with particularity the reasons for the objections to the relief

requested, and shall be served upon counsel for the Debtor, Vanden Bos & Chapman,

LLP, Attn: Robert J Vanden Bos, 319 SW Washington St., Ste. 520, Portland, Oregon

97204, and filed, together with proof of service, with the Court no later than the deadline

specified in the Notice (LBF 541) accompanying this Order when served.

###

PRESENTED BY:

/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

**Electronic Mail:**

U.S. Trustee

**First Class Mail:**

See Attached List.

Of Attorneys for Debtor-in-Possession

Page 7 of 7 -   ORDER GRANTING MOTION FOR INTERIM USE OF CASH COLLATERAL OF
DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION AND REQUEST FOR
PRELIMINARY HEARING

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A
Page 7 of 11

<u>In re  Teufel Nursery, Inc.</u>;
Chapter 11 Bankruptcy Case No. 09-34880-elp11
Service List

Electronic Filing:

U.S. Trustee

By First Class Mail:

Teufel Nursery, Inc.
Attn:  Larry Teufel
100 SW Miller Rd.
Portland, OR  97225

Pacific Topsoils, Inc.
Attn:  Jim McSpadden
805 80th St SW
Everett, WA 98203-6216

Red Bark, Inc.
Attn: Lupe Jimenes (Owner)
19561 Morrie Dr
Oregon City, OR 97045-7268

Teufel Properties LLC
Attn: Larry Teufel
100 SW Miller Rd
Portland, OR 97225-6130

H. D. Fowler Co.
Attn: Tammy Jacobsen
PO Box 160
Bellevue, WA 98009-0160

Willamette Tree Wholesale, Inc.
Attn:   Ray Gannon
33366 S Dryland Rd
Molalla, OR 97038-9538

United Pipe
Attn: Tracy Martin
PO Box 6326
Portland, OR 97228-6326

Red-E-Topsoil
Attn:  Vicki Welch
18816 NE 80th St
Redmond, WA 98052-3372

Hertz Equipment Rental
Attn: Diane Lee
14501 Hertz Quail Springs Pkwy
Oklahoma City, OK 73134-2628

Wichita Nursery
Attn:   Jim Brown
9413 S Heinz Rd
Canby, OR 97013-9348

American Hydrotech, Inc.
Attn: Nathan Griswold
303 E Ohio St
Chicago, IL 60611-3373

Rick Christensen
8354 SW Nimbus Ave Bldg 2
Beaverton, OR 97008-6444

Jubitz
Attn: John Birrell (CFO)
MSC 45439
PO Box 6989
Portland, OR 97228-6989

Hochstein Nursery LLC
Attn:   Ron Hochstein
38100 SW Gnos Rd
Cornelius, OR 97113-6051

Applied Organics
Attn: Steve Scott
PO Box 339
Carnation, WA 98014-0339

Utility Vault
Attn:  Phillip Bringhurst
File #72477-020
PO Box 60000
San Francisco, CA 94160-0001

T H Belcher Nursery
Attn:  Royce or Corey Belcher
33755 SE Bluff Rd
Boring, OR 97009-9765

NL Jacobsen Concrete
Attn:  Nick Jacobsen
3700 SW Trail Rd
Tualatin, OR 97062-8799

Petrocard
Attn:  Keith Ross
PO Box 34243
Seattle, WA 98124-1243

Kaiser Foundation Health
Attn:  Callie A. Meier
Plan PO Box 34178
Seattle, WA 98124-1178

Hazenberg Dairy
Attn:  Cindy
5828 Champoeg Rd NE
Saint Paul, OR 97137-9641

Textron Financial Corporation
Attn:  CT Corporation System
3898 State St.
Salem, OR  97301

Textron Financial Corp
fka Systran Financial Svcs Corp
4949 SW Meadows Rd #500
Lake Oswego, OR 97035

Textron Finance
Jeff Morse
11575 Great Oaks Way
Alpharetta, GA  30022-2473

Textron Financial Corp
4949 SW Meadows Rd Ste 500
Lake Oswego, OR  97035-3176

Textron Financial Corp
Attn:  Leo D. Plotkin
LEVY, SMALL & LALLAS
815 Moraga Drive
Los Angeles, CA 90049

TEUFEL NURSERY, INC
31 DAY BUDGET

| WEEK | | 24-28 Jun | 29-Jun | 6-Jul | 13-Jul | 20-Jul | Total |
|---|---|---|---|---|---|---|---|
| **CASH REQUIREMENTS** | | | | | | | |
| | | | | | | | |
| | UTILITIES, RENTS | 25,000 | 10,000 | 5,000 | 10,000 | 5,000 | 55,000 |
| | EFT | | 48,969 | 12,242 | 5,453 | 4,786 | 71,450 |
| | CREDIT CARDS | 10,000 | 15,000 | | 15,000 | | 40,000 |
| | PLANTS | 15,000 | 65,000 | 65,000 | 40,000 | 105,000 | 290,000 |
| | EMPLOYEE BENEFITS | | | 3,500 | | 70,500 | 74,000 |
| | FUEL | | 35,000 | 3,700 | 16,000 | | 54,700 |
| | LOAN PAYMENTS | 4,749 | | | | | 4,749 |
| | BANK/TEXTRON | | | | | | |
| | SALES TAX | | | | | | |
| | PAYROLL | | 406,000 | 15,000 | 406,000 | 15,000 | 842,000 |
| | PAYROLL TAXES | | 92,000 | | 92,000 | | 184,000 |
| | MISC VENDOR | 50,037 | 50,000 | 25,000 | 0 | 50,000 | 175,037 |
| | | | | | | | |
| | | 104,786 | 721,969 | 129,442 | 584,453 | 250,286 | 1,790,936 |
| | | | | | | | |
| **CASH SOURCES** | | | | | | | |
| | | | | | | | |
| BEGINNING BAL | | 171,000 | 116,214 | 270,248 | 312,056 | (19,246) | |
| | RECEIPTS | 50,000 | 876,003 | 171,250 | 253,151 | 618,612 | 1,969,016 |
| CASH AVAILABLE | | 221,000 | 992,217 | 441,498 | 565,207 | 599,366 | |
| | | | | | | | |
| | ENDING BAL | 116,214 | 270,248 | 312,056 | (19,246) | 349,080 | |

EXHIBIT 1
Page 1 of 1

EXHIBIT A
Page 9 of 11

TEUFEL NURSERY, INC
96 DAY BUDGET

| WEEK | 24-28 Jun | 29-Jun | 6-Jul | 13-Jul | 20-Jul | 27-Jul | 3-Aug | 10-Aug | 17-Aug |
|---|---|---|---|---|---|---|---|---|---|
| **CASH REQUIREMENTS** | | | | | | | | | |
| | | | | | | | | | |
| UTILITIES, RENTS | 25,000 | 10,000 | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 | 10,000 | 5,000 |
| EFT | 4,749 | 48,969 | 12,242 | 5,453 | 4,786 | 2,733 | 48,969 | 12,242 | 5,453 |
| CREDIT CARDS | 10,000 | 15,000 | | 15,000 | | 15,000 | | 15,000 | |
| PLANTS | 15,000 | 65,000 | 65,000 | 40,000 | 105,000 | 65,000 | 105,000 | 65,000 | 105,000 |
| EMPLOYEE BENEFITS | | | 3,500 | | 70,500 | | 3,500 | | 70,500 |
| FUEL | | 35,000 | 3,700 | 16,000 | | 35,000 | | 16,000 | |
| BANK/TEXTRON | | | | | | | | | |
| SALES TAX | | | | | | 58,975 | | | |
| PAYROLL | | 406,000 | 15,000 | 406,000 | 15,000 | 406,000 | 406,000 | 406,000 | 15,000 |
| PAYROLL TAXES | | 92,000 | | 92,000 | | 132,000 | 80,000 | 92,000 | |
| MISC VENDOR | 50,037 | 50,000 | 25,000 | 0 | 50,000 | 150,000 | 250,000 | 100,000 | 250,000 |
| | | | | | | | | | |
| | 104,786 | 721,969 | 129,442 | 584,453 | 250,286 | 874,708 | 507,469 | 716,242 | 450,953 |
| | | | | | | | | | |
| **CASH SOURCES** | | | | | | | | | |
| | | | | | | | | | |
| BEGINNING BAL | 171,000 | 116,214 | 270,248 | 312,056 | (19,246) | 349,080 | 174,885 | 286,028 | 188,398 |
| RECEIPTS | 50,000 | 876,003 | 171,250 | 253,151 | 618,612 | 700,513 | 618,612 | 618,612 | 715,586 |
| CASH AVAILABLE | 221,000 | 992,217 | 441,498 | 565,207 | 599,366 | 1,049,593 | 793,497 | 904,640 | 903,984 |
| | | | | | | | | | |
| ENDING BAL | 116,214 | 270,248 | 312,056 | (19,246) | 349,080 | 174,885 | 286,028 | 188,398 | 453,031 |
| | | | | | | | | | |
| | | | | | | | | | |

EXHIBIT 2
Page 1 of 2

EXHIBIT A
Page 10 of 11

TEUFEL NURSERY, INC
96 DAY BUDGET

| WEEK | 24-Aug | 31-Aug | 7-Sep | 14-Sep | 21-Sep | TOTAL |
|---|---|---|---|---|---|---|
| **CASH REQUIREMENTS** | | | | | | |
| | | | | | | |
| UTILITIES, RENTS | 10,000 | 5,000 | 10,000 | 5,000 | 10,000 | 125,000 |
| EFT | 7,519 | 48,969 | 12,242 | 5,453 | 7,519 | 227,298 |
| CREDIT CARDS | 15,000 | | 15,000 | | 15,000 | 115,000 |
| PLANTS | 65,000 | 105,000 | 65,000 | 105,000 | 65,000 | 1,035,000 |
| EMPLOYEE BENEFITS | | 3,500 | | 70,500 | | 222,000 |
| FUEL | | 35,000 | | 16,000 | | 156,700 |
| BANK/TEXTRON | | | | | | 0 |
| SALES TAX | 58,000 | | | | 58,000 | 174,975 |
| PAYROLL | 406,000 | 15,000 | 406,000 | 15,000 | 406,000 | 2,932,000 |
| PAYROLL TAXES | 92,000 | | 92,000 | | 92,000 | 764,000 |
| MISC VENDOR | 100,000 | 150,000 | 200,000 | 150,000 | 200,000 | 1,725,037 |
| | | | | | | |
| | 753,519 | 362,469 | 800,242 | 366,953 | 853,519 | 7,477,010 |
| | | | | | | |
| **CASH SOURCES** | | | | | | |
| | | | | | | |
| BEGINNING BAL | 453,031 | 415,098 | 697,326 | 541,781 | 877,088 | |
| RECEIPTS | 715,586 | 644,697 | 644,697 | 702,260 | 702,260 | 8,031,839 |
| CASH AVAILABLE | 1,168,617 | 1,059,795 | 1,342,023 | 1,244,041 | 1,579,348 | |
| | | | | | | |
| ENDING BAL | 415,098 | 697,326 | 541,781 | 877,088 | 725,829 | |

EXHIBIT 2
Page 2 of 2

EXHIBIT A
Page 11 of 11

In re  Teufel Nursery, Inc.;
Chapter 11 Bankruptcy Case No. 09-34880-elp11

CERTIFICATE - TRUE COPY

DATE:          June 24, 2009

DOCUMENT:      MOTION FOR INTERIM ORDER AUTHORIZING USE OF CASH
               COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING
               ADEQUATE PROTECTION AND REQUEST FOR PRELIMINARY
               HEARING **(Expedited Hearing Requested)**

       I hereby certify that I prepared the foregoing copy of the foregoing named
document and have carefully compared the same with the original thereof and it is a
correct copy therefrom and of the whole thereof.

CERTIFICATE OF SERVICE

       I hereby certify that I served a copy of the foregoing on:

See Attached List


by mailing a copy of the above-named document to each of them in a sealed envelope,
addressed to each of them at his or her last known address.  Said envelopes were
deposited in the Post Office at Portland, Oregon, on the below date, postage prepaid.

The following were served electronically by the Court:

U.S. Trustee

       Dated:  June 24, 2009

                    VANDEN BOS & CHAPMAN, LLP


                    By:/s/Robert J Vanden Bos
                       Robert J Vanden Bos, OSB #78100
                       Of Attorneys for Debtor-in-Possession

<u>In re  Teufel Nursery, Inc.</u>;
Chapter 11 Bankruptcy Case No. 09-34880-elp11
Service List

Electronic Filing:

U.S. Trustee

By First Class Mail:

Teufel Nursery, Inc.
Attn:  Larry Teufel
100 SW Miller Rd.
Portland, OR  97225

Pacific Topsoils, Inc.
Attn:  Jim McSpadden
805 80th St SW
Everett, WA 98203-6216

Red Bark, Inc.
Attn: Lupe Jimenes (Owner)
19561 Morrie Dr
Oregon City, OR 97045-7268

Teufel Properties LLC
Attn: Larry Teufel
100 SW Miller Rd
Portland, OR 97225-6130

H. D. Fowler Co.
Attn: Tammy Jacobsen
PO Box 160
Bellevue, WA 98009-0160

Willamette Tree Wholesale, Inc.
Attn:    Ray Gannon
33366 S Dryland Rd
Molalla, OR 97038-9538

United Pipe
Attn: Tracy Martin
PO Box 6326
Portland, OR 97228-6326

Red-E-Topsoil
Attn:  Vicki Welch
18816 NE 80th St
Redmond, WA 98052-3372

Hertz Equipment Rental
Attn: Diane Lee
14501 Hertz Quail Springs Pkwy
Oklahoma City, OK 73134-2628

Wichita Nursery
Attn:    Jim Brown
9413 S Heinz Rd
Canby, OR 97013-9348

American Hydrotech, Inc.
Attn: Nathan Griswold
303 E Ohio St
Chicago, IL 60611-3373

Rick Christensen
8354 SW Nimbus Ave Bldg 2
Beaverton, OR 97008-6444

Jubitz
Attn: John Birrell (CFO)
MSC 45439
PO Box 6989
Portland, OR 97228-6989

Hochstein Nursery LLC
Attn:    Ron Hochstein
38100 SW Gnos Rd
Cornelius, OR 97113-6051

Applied Organics
Attn: Steve Scott
PO Box 339
Carnation, WA 98014-0339

Utility Vault
Attn:  Phillip Bringhurst
File #72477-020
PO Box 60000
San Francisco, CA 94160-0001

T H Belcher Nursery
Attn:  Royce or Corey Belcher
33755 SE Bluff Rd
Boring, OR 97009-9765

NL Jacobsen Concrete
Attn:  Nick Jacobsen
3700 SW Trail Rd
Tualatin, OR 97062-8799

Petrocard
Attn:  Keith Ross
PO Box 34243
Seattle, WA 98124-1243

Kaiser Foundation Health
Attn:  Callie A. Meier
Plan PO Box 34178
Seattle, WA 98124-1178

Hazenberg Dairy
Attn:  Cindy
5828 Champoeg Rd NE
Saint Paul, OR 97137-9641

Textron Financial Corporation
Attn:  CT Corporation System
3898 State St.
Salem, OR  97301

Textron Financial Corp
fka Systran Financial Svcs Corp
4949 SW Meadows Rd #500
Lake Oswego, OR 97035

Textron Finance
Jeff Morse
11575 Great Oaks Way
Alpharetta, GA  30022-2473

Textron Financial Corp
4949 SW Meadows Rd Ste 500
Lake Oswego, OR  97035-3176

Textron Financial Corp
Attn:  Leo D. Plotkin
LEVY, SMALL & LALLAS
815 Moraga Drive
Los Angeles, CA 90049