UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re                                )
                                     )   Case No. _____
                                     )
                                     )   NOTICE OF *FINAL*
                                     )   HEARING ON MOTION
                                     )       FOR USE OF CASH COLLATERAL
                                     )       TO OBTAIN CREDIT
Debtor(s)                            )   *(Check One)*

YOU ARE NOTIFIED THAT:

1.   The undersigned moving party, _____, filed a Motion ☐ For Use of Cash Collateral ☐ To Obtain Credit *(check one)*. A copy of the motion, which INCLUDES the statement required by Local Form #541.7, is attached.

2.   The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____.

3.   A *FINAL* HEARING on the motion WILL BE HELD ON _____ AT_____ IN _____, and testimony will be received if offered and admissible.

4.   If you WISH TO OBJECT to the motion, YOU SHALL, WITHIN 11 DAYS OF THE SERVICE DATE SHOWN in pt. 5 BELOW, FILE with the Clerk of Court (i.e., if the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401), BOTH: (1) a written response, which states the facts upon which you will rely, AND (2) a certificate showing a copy of the response has been served on the U.S. Trustee and the party named in pt. 2 above. See Local Form #541.50 for details.

5.   On _____ copies of BOTH this notice AND the motion, were served pursuant to FRBP 7004 on the debtor(s); any debtor's attorney; any trustee; any trustee's attorney; members of any committee elected pursuant to 11 U.S.C. §705; any Creditors' Committee Chairperson [or, if none serving, on all creditors listed on the list filed pursuant to FRBP 1007(d)]; any Creditors' Committee attorney; the U.S. Trustee; and all affected lien holders whose names and addresses used for service are as follows:

_____
Signature
_____
(If debtor is movant) Debtor's Address & Taxpayer ID#(s) (last 4 digits)

541 (3/1/09)    **Local Form #541.50 ATTACHED IF this NOTICE served on PAPER**

Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

   Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No. 09-34880-elp11 |
| | ) |
| Teufel Nursery, Inc., | ) |
| | ) MOTION FOR ORDER AUTHORIZING USE OF |
| | ) CASH COLLATERAL OF DEBTOR-IN- |
| | ) POSSESSION AND GRANTING ADEQUATE |
| Debtor-in-Possession. | ) PROTECTION |

Debtor-in-Possession Teufel Nursery, Inc., ("Debtor"), pursuant to Sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rule 4001, and LBR 4001-1(c), moves the Court for entry of a final order authorizing use of cash collateral as defined by §363(a) of the Bankruptcy Code ("Cash Collateral"), and, in support, represents and states as follows:

On June 24, 2009, Debtor commenced a reorganization case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code.  Pursuant to §1107 and §1108 of the Code, Debtor is continuing in possession of its property and is operating and managing its business as a debtor-in-possession.  On June 26, and again on July 17, this Court entered orders permitting Debtor to use cash collateral collectively for the period ending August 30, 2009.   On August 28, 2009, the Court entered a final order authorizing use of cash collateral through September 28, 2009 (Docket No. 130).

Page 1 of 7 -   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION
AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**DEBTOR'S BUSINESS**:

Debtor is a corporation headquartered in Portland, Oregon. On the Petition Date, Debtor operated nurseries in three locations: Portland, Oregon; Kent, Washington and McCall, Idaho, providing to the public premium quality plant materials, specialized tools and complete landscape services by its professionals. Debtor has since terminated operation at McCall, Idaho.

**PARTIES WITH POTENTIAL INTERESTS IN CASH COLLATERAL**:

The following entities may claim a lien in the Cash Collateral based upon UCC financing statements on file with the Oregon Secretary of State:

| Creditor Name & Address | UCC No. & Recording Date | Collateral Description |
|---|---|---|
| Textron Financial Corporation<br>4949 SW Meadows Rd #500<br>Lake Oswego, OR 97035<br>fka<br>Systran Financial Services   Corporation<br>4949 SW Meadows Rd #500<br>Lake Oswego, OR 97035 | 585866<br>04/30/02<br>585866-1*<br>07/02/02<br>585866-2*<br>11/17/06<br>585866-3*<br>11/21/06<br>585866-4*<br>04/20/07 | Blanket security interest in all cash collateral. |

*Indicates an Amendment to the UCC filing.

According to Debtor's records, the amounts owed to the UCC Lien Creditors as of the petition date are as follows:

| Textron Financial Corporation, fka Systran Financial Services Corporation (Line of Credit) | $4,854,691.20 |
|---|---|
| Textron Financial Corporation, fka Systran Financial Services Corporation (Term Note) | $628,333.00 |

Page 2 of 7 -   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Other than the liens noted above, Debtor is not aware of any parties holding an interest in Cash Collateral.

To preserve the value of Debtor as a going concern, Debtor requires the use of cash generated from its business to pay its operating expenses, including wages of its employees.

In order to operate during the reorganization, Debtor requires the use of Cash Collateral for the payment of wages, salaries and operating expenses. Debtor proposes to use Cash Collateral of $6,740,444 on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A**.  Debtor's projected operating expense budget for the period September 29, through December 31, 2009 is attached to **Exhibit A** marked as **Exhibit 1** (the "Budget").  Such Cash Collateral includes, but is not limited to, any uncashed checks made payable to the Debtor and/or electronic funds in transit.

Debtor has made reasonable efforts to secure alternative financing.  Debtor is unable to obtain necessary financial accommodations for the expenses shown in **Exhibit 1** from any source.

After reasonable efforts, Debtor is unable pursuant to §364(a) or (b) of the Bankruptcy Code, to obtain unsecured credit allowable under §503(b)(1) of the Code as an administrative expense.

Allowing Debtor to use Cash Collateral on the terms set forth in the proposed Final Order Authorizing Use of Cash Collateral attached hereto as **Exhibit A** will preserve Debtor's going concern value, maximize the value of the Debtor's assets for the estate, will increase the probability of successful reorganization, and is in the best interests of the creditors and this estate.

Page 3 of 7 -   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Without the use of Cash Collateral, Debtor has insufficient funds to meet its expenses as itemized in **Exhibit 1.** Debtor has an immediate need for Cash Collateral to pay its payroll and other operating expenses and provide deposits to utilities as needed under 11 USC § 366 all of which will preserve the value of its business.

The proposed order on this motion does not contain any of the "disfavored provisions" listed in LBF 541.7.

### PROPOSED TERMS OF CASH COLLATERAL ORDER:

Debtor further proposes that its authority to use Cash Collateral be limited to the cumulative amounts and uses of Cash Collateral as set forth in the Budget; provided however, that Debtor may make expenditures in excess of the amounts specified in the Budget subject to the limitation that the aggregate budget variance shall not exceed fifteen percent (15%) of the total projected expenditures under the Budget for that Budget period. In the event the Debtor's use of cash collateral is terminated, the order will provide that Debtor shall nonetheless be permitted to pay all accrued payroll through date of termination, including all associated accrued benefits and payroll taxes, and Debtor's professionals' fees, to the extent approved by the Court as reasonable after application, notice and opportunity for objection, and to the extent that such amounts are within the Budget amounts for such categories as approved by the Court's cash collateral order or orders.

### PROPOSED ADEQUATE PROTECTION:

Notwithstanding anything to the contrary contained in Section 552(a) of the Code, as adequate protection for, and to secure payment of, an amount equal to the aggregate diminution (from the petition date) in the value of the property of Debtor to which any of the liens of the parties identified herein shall have attached, and as security for and an

Page 4 of 7 -   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

inducement to said parties to permit use of Cash Collateral, Debtor proposes to grant to each of them the following protection:

a. A replacement lien on all of the post-petition property in which each of them has a pre-petition lien or security interest. The replacement liens shall have the same relative priority vis-á-vis one another as existed on the petition date with respect to the original liens.

b. Each party granted a replacement lien herein shall be granted relief from the automatic stay to take all actions which may be required under federal or state law in any jurisdiction to validate or perfect the liens so granted.

c. Debtor shall timely perform and complete all actions necessary and appropriate to protect said parties' collateral against diminution in value.

No other adequate protection is necessary due to the fact that Textron Financial Corporation holds collateral having an equity cushion of approximately two times the amount owed by Debtor as follows:

| Description | Value of Textron's Collateral - Teufel Nursery, Inc.'s Assets |
|---|---|
| Real Estate | $5,536,160.00 |
| Equipment | $852,875.00 |
| Inventory | $2,244,999.00 |
| Accounts Receivable | $3,941,189.00 |
| Maintenance Division | $4,600,000.00 |
| TOTAL: | $17,175,223.00 |

A significant equity cushion is in and of itself sufficient adequate protection to support a Debtor's request or use of cash collateral. The Ninth Circuit Appellate Panel has found that adequate protection existed where an 11.45% equity cushion existed: See In

Page 5 of 7 -   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

re Boulders on the River, Inc., 164 B.R. 99 (9th Cir. B.A.P. 1994). Nor is there any prohibition about selling and using a secured creditor's collateral so long as the secured creditor is adequately protected by the existence of other collateral. See, Coventry Commons, 149 B.R. at 114., where the Court stated:

> "This Court begins with the proposition, affirmed by the District Court in this case, that under § 363, a debtor is entitled to use property in which a creditor has a security interest if that interest is adequately protected. 11 U.S.C. § 363 (1989). This unremarkable principle applies both pre-confirmation and post-confirmation. If the mere fact that the debtor's property was subject to a security interest meant that it had to be used to pay off the secured creditor's claim, there would be no Chapter 11. All secured property would have to be surrendered to the secured creditor in payment of the debt. Indeed, potential debtors would have substantial difficulty in obtaining counsel if the debtor were required to pay an undersecured creditor all of its available cash. The Court concludes that such cannot be the law, and to the extent that Travelers argues that all of its collateral, even its cash collateral, must be used to pay its debt, the Court rejects that argument. The Court specifically rejects Travelers' contention that United Sav. Ass'n v. Timber of Inwood Forest Assocs., 484 U.S. 365, 108 S.Ct, 626, 98 L.Ed.2d 740 (1988) requires such an absurd result. Coventry Commons, 149 B.R. at 114.

Here, Textron Financial Corporation has roughly a 200% equity cushion which more than adequately protects Textron Financial Corporation for any risk of loss associated with the use of cash collateral.

## NOTICE:

No creditors' committee under §1102 of the Code has yet been appointed by the U.S. Trustee, but Debtor has given notice, as required by Bankruptcy Rule 4001 of this motion.

///

///

///

///

Page 6 of 7 -    MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

WHEREFORE, Debtor moves fo an Order Authorizing the Use of Cash Collateral on the terms set forth in **Exhibit A** attached hereto and Granting Adequate Protection.

Respectfully submitted;

VANDEN BOS & CHAPMAN, LLP

By:/s/Robert J Vanden Bos
    Robert J Vanden Bos, OSB #78100
    Of Attorneys for Debtor-in-Possession

**Page 7 of 7** -   MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL OF DEBTOR-IN-POSSESSION AND GRANTING ADEQUATE PROTECTION

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 09-34880-elp11 |
| | ) | |
| Teufel Nursery, Inc., | ) | FINAL ORDER AUTHORIZING |
| | ) | USE OF CASH COLLATERAL |
| Debtor-in-Possession. | ) | |

THIS MATTER came before the Court on September 18, 2009 on the motion of Debtor-in-Possession, Teufel Nursery, Inc. ("Debtor"), for authority to use cash collateral, due and adequate notice under the circumstances having been given, and the Court otherwise being fully advised,

The Court finds:

    A.    Debtor will suffer immediate and irreparable harm if it is not permitted to use up to $6,740,444 of Cash Collateral for the period from September 29, 2009 through and including December 31, 2009.

    B.    The following creditor, ("Textron Financial Corporation"), asserts security interest/liens upon the Cash Collateral as the petition date:

///

Page 1 of 5 -   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A, Page 1 of 7

| Textron Financial Corporation, fka Systran Financial Services Corporation | $5,483,024.20 |
|---|---|

NOW, THEREFORE, it is ORDERED as follows:

1. Debtor is authorized to use Cash Collateral of $6,740,444 for the period from September 29, 2009 through and including December 31, 2009 in accordance with the attached Budget (**Exhibit 1**). Debtor's authority to use Cash Collateral is limited to the cumulative amounts and uses of cash collateral as set forth in the Budget; provided, however, that (a) apart from payroll and payroll taxes, the amounts set forth in the Budget shall be sufficient to make the payments set forth in the Budget as well as any expenses incurred and not paid during the Cash Collateral Period, together with a fifteen percent (15%) variance.

2. As adequate protection, Textron Financial Corporation is granted a replacement lien upon all postpetition assets of the Debtor which are of the identical description to its prepetition collateral.

3. Debtor shall provide a disclosure in the weekly report of accrued unpaid obligations, excluding payroll.

4. Debtor shall provide Textron Financial Corporation with the same reports as provided to Textron Financial Corporation pre-petition (except on a weekly rather than daily basis) in the same format as were provided pre-petition, including, but not limited to, borrowing base certificates, a/r aging reports, and the CIP Report (CIP Reports to be monthly only). Reports shall be provided each Tuesday by close of business for all activity through the prior Saturday. In addition, Debtor shall provide to Textron

Page 2 of 5 -   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A, Page 2 of 7

Financial Corporation its Monthly Operating Reports filed with the United States Trustee.  The weekly operating reports shall compare the actual revenue, sales and expenditures to the budgeted revenue, sales and expenditures.

5. In the event Textron Financial Corporation determines that it is not adequately protected, Textron Financial Corporation can seek to terminate cash collateral usage on shortened time, but not less than three business days notice of the motion shall be provided to Debtor, the U.S. Trustee and the Creditor's Committee (if any) prior to any hearing thereon.  While Debtor agrees that it shall not oppose any order shortening time sought by Textron Financial Corporation (so long as not less than three business days notice is provided), Debtor reserves all of its rights to oppose any such application.  Textron Financial Corporation agrees that in the event the Debtor's right to use cash collateral is terminated, that Textron Financial Corporation will allow use of its cash collateral to pay all accrued payroll and associated benefits and taxes to pay and any fees owing to the U.S. Trustee.

6. If, notwithstanding the adequate protection provided by the terms of this Order, Textron Financial Corporation has a claim allowable under 11 U.S.C. § 507(a)(2) arising from the stay of action against property of Debtor under 11 U.S.C. § 362, from the use, sale or lease of such property under 11 U.S.C. § 363, or from the granting of the replacement lien granted herein, then such creditor's claim under 11 U.S.C. § 507(a)(2)

///

Page 3 of 5 -   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL
VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A, Page 3 of 7

shall have priority over every other claim under such subsection as provided by 11 U.S.C. § 507(b).

7. Nothing in this Order shall be construed to (a) prejudice a right of any party in interest (including Debtor) to contest the validity, priority or extent of the liens or security interests of any party in any collateral or in the proceeds thereof, as of, on or after the Petition Date; (b) grant a security interest in the debtor-in-possession or trustee's avoidance powers; (c) convert any pre-petition obligations into post-petition obligations; (d) require payment of any obligations on confirmation of a plan of reorganization; (e) alter, improve, limit or impair the rights, if any, of parties claiming to have rights of reclamation against Debtor, or its assets or (f) enhance the secured position of any creditor as of the Petition Date.

8. Debtor is authorized to execute and deliver to Textron Financial Corporation such instruments considered by Textron Financial Corporation to be necessary or desirable to perfect the security interests and liens given to Textron Financial Corporation herein, and Textron Financial Corporation is authorized to receive, file and record the same.

9. Nothing contained in this Order shall constitute a determination as to the amount, validity or priority of any pre-petition obligation, security interest or lien and all rights or parties in interest to claim that any pre-petition lien or security interest in Debtor's property is unperfected, unenforceable, invalid or voidable, are reserved.  Additionally, nothing in this Order shall constitute an admission or acknowledgment by Debtor that any party has a valid or perfected lien in the cash of Debtor now existing or

Page 4 of 5 -   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A, Page 4 of 7

subsequently received, and the references herein to "Cash Collateral" is without prejudice to all rights, defenses and claims of Debtor to contend that any party does not have a perfected lien or security interest in such cash.

###

PRESENTED BY:

/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon 97204
Telephone: (503) 241-4869
Fax: (503) 241-3731

    Of Attorneys for Debtor-in-Possession

**Electronic Mail:**

U.S. Trustee
Leo D. Plotkin
Richard J. Parker
Jan D. Sokol
Robert J Vanden Bos

**First Class Mail:**

| | | |
|---|---|---|
| Teufel Nursery, Inc.<br>Attn: Larry Teufel<br>100 SW Miller Rd.<br>Portland, OR 97225 | IKON Financial Services<br>Recovery & Bankruptcy Group<br>3920 Arkwright Road, Ste. 400<br>Macon, GA 31210 | Ky Fullerton<br>Umpqua Holdings Corporation<br>1 S.W. Columbia Street, Suite 1400<br>Mail Code 030-14-SPAD<br>Portland, Oregon 97258 |
| Christopher J. Kayser<br>LARKINS VACURA LLP<br>621 SW Morrison St., Ste. 1450<br>Portland, OR 97205 | TriMet<br>Attn: Tamara Lesh<br>Deputy General Counsel<br>710 NE Holladay Street<br>Portland, OR 97232 | Recovery Management Systems<br>Corporation<br>25 SE 2nd Avenue, Suite 1120<br>Miami, FL 33131 |
| Bankruptcy Administration<br>IKON Financial Services<br>1738 Bass Road<br>P. O. Box 13708<br>Macon, GA 31208-3708 | | |

Page 5of 5 -   FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

EXHIBIT A, Page 5 of 7

TEUFEL NURSERY, INC
BUDGET - SEPTEMBER 28, 2009 - JANUARY 3, 2010

| WEEK | 28-Sep | 5-Oct | 12-Oct | 19-Oct | 26-Oct | 2-Nov | 9-Nov | 16-Nov |
|---|---|---|---|---|---|---|---|---|
| **CASH REQUIREMENTS** | | | | | | | | |
| UTILITIES, RENTS | 44,500 | 5,000 | 5,000 | 5,000 | 5,000 | 44,500 | 5,000 | 5,000 |
| EFT | 7,519 | 61,211 | 5,453 | 7,519 | 7,519 | 7,519 | 61,211 | 5,453 |
| PLANTS | 65,000 | 65,000 | 65,000 | 65,000 | 65,000 | 50,000 | 50,000 | 50,000 |
| EMPLOYEE BENEFITS | 3,500 | | 75,400 | | 3,500 | | 75,400 | |
| FUEL | 20,700 | 5,700 | 20,700 | 5,700 | 5,700 | 20,700 | 5,700 | 20,700 |
| SALES TAX | | | | | 58,000 | | | |
| PAYROLL | | 367,000 | | 367,000 | | 287,800 | | 287,800 |
| PAYROLL TAXES | | 102,000 | | 102,000 | 145,000 | 86,000 | | 86,000 |
| INSURANCE | | | 46,500 | | | | | 46,500 |
| PROFESSIONALS | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 |
| MISC VENDOR | 150,000 | 150,000 | 50,000 | 100,000 | 150,000 | 150,000 | 150,000 | 100,000 |
| | 305,719 | 770,411 | 282,553 | 666,719 | 454,219 | 661,019 | 361,811 | 615,953 |
| **CASH SOURCES** | | | | | | | | |
| BEGINNING BAL | 24,786 | 321,327 | 153,176 | 41,873 | 67,261 | 305,149 | 243,737 | 481,533 |
| RECEIPTS | 602,260 | 602,260 | 171,250 | 692,107 | 692,107 | 599,607 | 599,607 | 171,250 |
| CASH AVAILABLE | 627,046 | 923,587 | 324,426 | 733,980 | 759,368 | 904,756 | 843,344 | 652,783 |
| ENDING BAL | 321,327 | 153,176 | 41,873 | 67,261 | 305,149 | 243,737 | 481,533 | 36,830 |
| **CASH RECEIPTS** | | | | | | | | |
| MAINTENANCE | 146,250 | 146,250 | 146,250 | 146,250 | 146,250 | 146,250 | 146,250 | 146,250 |
| CONSTRUCTION | 431,010 | 431,010 | | 428,357 | 428,357 | 428,357 | 428,357 | |
| DESIGN BUILD | | | | 92,500 | 92,500 | | | |
| PLANTS | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| | 602,260 | 602,260 | 171,250 | 692,107 | 692,107 | 599,607 | 599,607 | 171,250 |
| **BILLING** | | | | | | | | |
| MAINTENANCE | 440,000 | | | | 150,000 | 440,000 | | |
| CONSTRUCTION | | | | 707,500 | 707,500 | | | 597,500 |
| DESIGN BUILD | 92,500 | | | 95,000 | 95,000 | | | 102,000 |
| PLANTS | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 |
| | 557,500 | 25,000 | 25,000 | 827,500 | 977,500 | 465,000 | 25,000 | 724,500 |
| **ACCOUNTS RECEIVABLE** | | | | | | | | |
| BEGINNING BALANCE | 8,888,964 | 8,844,204 | 8,266,944 | 8,120,694 | 8,256,087 | 8,541,480 | 8,406,873 | 7,832,266 |
| BILLINGS | 557,500 | 25,000 | 25,000 | 827,500 | 977,500 | 465,000 | 25,000 | 724,500 |
| RECEIPTS | (602,260) | (602,260) | (171,250) | (692,107) | (692,107) | (599,607) | (599,607) | (171,250) |
| ENDING BALANCE | 8,844,204 | 8,266,944 | 8,120,694 | 8,256,087 | 8,541,480 | 8,406,873 | 7,832,266 | 8,385,516 |

EXHIBIT 1
Page 1 of 2
EXHIBIT A, Page 6 of 7

TEUFEL NURSERY, INC
BUDGET - SEPTEMBER 28, 2009 - JANUARY 3, 2010

| WEEK | 23-Nov | 30-Nov | 7-Dec | 14-Dec | 21-Dec | 28-Dec | TOTAL | |
|---|---|---|---|---|---|---|---|---|
| **CASH REQUIREMENTS** | | | | | | | | |
| UTILITIES, RENTS | 5,000 | 44,500 | 5,000 | 5,000 | 5,000 | 5,000 | 188,500 | |
| EFT | 7,519 | 7,519 | 7,519 | 61,211 | 5,453 | 7,519 | 260,144 | |
| PLANTS | 40,000 | 40,000 | 30,000 | 30,000 | 30,000 | 20,000 | 665,000 | |
| EMPLOYEE BENEFITS | 3,500 | | 3,500 | | 75,400 | | 240,200 | |
| FUEL | 5,700 | 15,000 | 5,000 | 15,000 | 5,000 | 15,000 | 166,300 | |
| SALES TAX | 58,000 | | | | 58,000 | | 174,000 | |
| PAYROLL | | 287,800 | | 250,000 | | 250,000 | 2,097,400 | |
| PAYROLL TAXES | | 86,000 | | 74,700 | | 74,700 | 756,400 | |
| INSURANCE | | | | | 46,500 | | 139,500 | |
| PROFESSIONALS | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 14,500 | 203,000 | |
| MISC VENDOR | 150,000 | 150,000 | 150,000 | 150,000 | 150,000 | 100,000 | 1,850,000 | |
| | 284,219 | 645,319 | 215,519 | 600,411 | 389,853 | 486,719 | 6,740,444 | |
| **CASH SOURCES** | | | | | | | | |
| BEGINNING BAL | 36,830 | 372,611 | 347,292 | 644,273 | 556,362 | 726,009 | 4,322,219 | |
| RECEIPTS | 620,000 | 620,000 | 512,500 | 512,500 | 559,500 | 559,500 | 7,514,448 | |
| CASH AVAILABLE | 656,830 | 992,611 | 859,792 | 1,156,773 | 1,115,862 | 1,285,509 | | |
| ENDING BAL | 372,611 | 347,292 | 644,273 | 556,362 | 726,009 | 798,790 | | |
| **CASH RECEIPTS** | | | | | | | | |
| MAINTENANCE | 146,250 | 146,250 | 146,250 | 146,250 | 146,250 | 146,250 | | |
| CONSTRUCTION | 353,750 | 353,750 | 353,750 | 353,750 | 298,750 | 298,750 | | |
| DESIGN BUILD | 95,000 | 95,000 | | | 102,000 | 102,000 | | |
| PLANTS | 25,000 | 25,000 | 12,500 | 12,500 | 12,500 | 12,500 | | |
| | 620,000 | 620,000 | 512,500 | 512,500 | 559,500 | 559,500 | 7,514,448 | |
| **BILLING** | | | | | | | | |
| MAINTENANCE | 150,000 | 440,000 | | | 150,000 | | | |
| CONSTRUCTION | 597,500 | | | 510,000 | 510,000 | | | |
| DESIGN BUILD | 102,000 | | | | 64,000 | 64,000 | | |
| PLANTS | 25,000 | 25,000 | 12,500 | 12,500 | 12,500 | 12,500 | | |
| | 874,500 | 465,000 | 12,500 | 522,500 | 736,500 | 76,500 | 6,314,500 | |
| **ACCOUNTS RECEIVABLE** | | | | | | | | |
| BEGINNING BALANCE | 8,385,516 | 8,640,016 | 8,485,016 | 7,985,016 | 7,995,016 | 8,172,016 | | |
| BILLINGS | 874,500 | 465,000 | 12,500 | 522,500 | 736,500 | 76,500 | 6,314,500 | 1,620,852 |
| RECEIPTS | (620,000) | (620,000) | (512,500) | (512,500) | (559,500) | (559,500) | (7,514,448) | 10,006,368 |
| ENDING BALANCE | 8,640,016 | 8,485,016 | 7,985,016 | 7,995,016 | 8,172,016 | 7,689,016 | | |

EXHIBIT 1
Page 2 of 2
EXHIBIT A, Page 7 of 7