Below is an Order of the Court.

**IT IS FURTHER ORDERED that the first Bankruptcy Code section cited in the third paragraph below is 1129(a), not 129(a).**

*Elizabeth L Perris*
ELIZABETH PERRIS
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 09-34880-elp11 |
| | ) | |
| Teufel Nursery, Inc., | ) | ORDER CONFIRMING THIRD AMENDED |
| | ) | PLAN OF REORGANIZATION DATED 2/1/10 |
| Debtor-in-Possession. | ) | |

The Debtor's Second Amended Plan of Reorganization ("Plan") dated December 14, 2009 and having been filed by the Debtor and transmitted on December 18, 2009 to creditors and equity security holders, if applicable; and

A hearing having been held before this Court on February 1, 2010 to consider confirmation of said Plan; and

The Court finds that after hearing that the requirements for confirmation set forth in 11 U.S.C. §129(a) and 11 U.S.C. §1129(b) have been satisfied;

The Court further finds that the amendments to the Plan made at the time of the confirmation hearing do not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has not accepted in writing the amendments, and therefore, such amendments shall be deemed accepted by all

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

creditors and equity security holders (if applicable) who have previously accepted the

Plan or the Plan meets the requirements of 11 U.S.C. §1129(b)(1) and can and should

be confirmed despite the objections, if any, of any party adversely affected by such

amendments.

NOW, THEREFORE, IT IS ORDERED AS FOLLOWS:

1.     Pursuant to settlement, Classes 1A and 1B have accepted the Plan.

TFC's treatment shall be as was agreed to in the settlement reached in the mediation

presided over by Judge Dunn, which is deemed to be TFC's treatment set forth in the

Third Amended Plan of Reorganization attached (Exhibit A), provided however, that

TFC's treatment may be re-stated (a) to conform to the settlement reached between the

Debtor and TFC upon the mutual request of the Debtor and TFC, or (b) if Judge Dunn

submits within 10 days, a re-stated treatment for TFC based on the his final authority

granted by the parties in the settlement agreement to decide any dispute between the

Debtor and TFC.  Upon the final resolution of the treatment of TFC, whether

consensually by the Debtor and TFC or by Judge Dunn, the Debtor and TFC shall

execute such additional documents as may be necessary to effectuate the terms of the

treatment of TFC in the confirmed Plan.

2.     Debtor's  pending Motion to allow payment of administrative claims having

priority under 11 U.S.C. §503(b)(9) is granted and the following claims are accorded

administrative priority in the following amounts and shall be paid by the Debtor without

interest within 10 days of the Effective Date:

| CREDITOR | AMOUNT |
| --- | --- |
| Industrial Tire Service | $10,950.00 |
| Jubitz Truck Stop | $27,457.68 |

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| HD Fowler Co, Inc. | $10,728.74 |
| United Pipe and Supply. Inc. | $11,977.81 |
| Red Bark Inc. | $15,408.00 |
| TOTAL | $76,522.23 |

3.    The Reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed.  After confirmation, the Reorganized Debtor shall serve on the United States Trustee a monthly financial report for each month, or portion thereof, that the case remains open.  The monthly financial report shall include a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan.

4.    Notwithstanding any language in the Plan to the contrary, within a six month period from the date of Approval of Debtor's Chapter 11 Plan, if the Debtor or an indemnitor fails to resolve any future claim against any bond provided on Debtor's behalf by St. Paul Travelers within 45 days of written notice to Debtor of a claim against one of the St. Paul Travelers' bonds, then St. Paul Travelers shall have the right to provide 45 days notice of cancellation of the affected bond, provided that St. Paul Travelers shall not cancel the affected bond if the bond claim is withdrawn before the cancellation deadline.  However, St. Paul Travelers shall have the right in its sole discretion to cancel the bonds - to-wit: Oregon CCB Bond # 104863276; Oregon Landscape Bond # 104890224 and Washington Labor & Industries Contractor Registration Bond #104923681 - six (6) months from the date of Approval of Debtor's Chapter 11 Plan without regard to claims made, claims paid or claims withdrawn.

5.    Nothing in the Order Confirming the Plan shall prejudice the rights, if any,

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

of Kerr Contractors Inc., after the confirmation of the Plan, to assert alleged affirmative

defenses of recoupment and/or set off for payment made by Kerr to Red Bark on Red

Bark's alleged bond claim and legal fees and costs incurred by Kerr related to that claim

for the I-5/SR 502 Interchange Project, WSDOT Contract Number 7259 (the "Project"),

against any amounts Kerr may owe to the Debtor for Debtor's work on the Project, nor

to prejudice the Debtor's defenses, if any, to such claims for recoupment and/or setoff

and expenses incurred by Kerr Contractors, Inc.  Further, to the extent that payments

made by Kerr to Red Bark and Kerr's legal fees and costs associated with that matter

exceed any amounts Kerr may owe Debtor on the Project, Kerr may file a tardy Proof of

Claim without prejudice to Debtor's defenses to the Proof of Claim, other than to the

timeliness of filing the Proof of Claim."

6.    Debtor's Motion filed on January 27, 2010 to Amend its Second Amended

Plan of Reorganization (Docket No. 417) is granted and Debtor's Second Motion to

Amend its Second Amended Plan of Reorganization is also granted.

7.    The Third Amended Plan of Reorganization Dated February 1, 2010, a

copy of which is attached to this Order marked **Exhibit A**,  filed by the Debtor which

incorporates all of the amendments allowed by this Court at the Confirmation Hearing,

is confirmed without prejudice to the possibility of a re-stated treatment for Classes 1A

and 1B pursuant to the procedure set forth in Paragraph 1 of this Order.


###

///

///

///

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

PRESENTED BY:


/s/Robert J Vanden Bos
Robert J Vanden Bos OSB #78100
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
Telephone:  (503) 241-4869
Fax: (503) 241-3731

Of Attorneys for Debtor-in-Possession

**First Class Mail:**

Teufel Nursery, Inc.
Attn:  Larry Teufel
100 SW Miller Rd.
Portland, OR  97225

Bankruptcy Administration
IKON Financial Services
1738 Bass Road
P. O. Box 13708
Macon, GA 31208-3708

IKON Financial Services
Recovery & Bankruptcy Group
3920 Arkwright Road, Ste. 400
Macon, GA 31210

TriMet
Attn:  Tamara Lesh
Deputy General Counsel
710 NE Holladay Street
Portland, OR 97232

Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131

H.D. Fowler Company
c/o Tammy Jacobson, Chairperson
PO Box 160
Bellevue, WA 98009

Caterpillar Financial Svcs. Corp.
ATTN: Ms. Aya Gale
RAY QUINNEY & NEBEKER P.C.
36 South State St., 14th Floor
P.O. Box 45385
Salt Lake City, UT 84145-0385

Pacific Topsoils, Inc.
c/o Jim McSpadden
805 80th Street SW
Everett, WA 98203

Red Bark, Inc.
c/o Guadalupe Jimenez
19561 Morrie Dr
Oregon City, OR 97045

**Electronic Mail:**

Jessica S. Cain
Seann C. Colgan
Paul R J. Connolly
Harry L. Cook
Kelly P. Corr
Douglas P. Cushing
Stephen F. English
Lawrence W. Erwin
Ky Fullerton
Cary A. Gluesenkamp
Cody Hoesly
Thomas L. Hutchinson
Christopher J. Kayser
William L. Larkins
Tara M. Mellom
Zachary Mosner
Douglas R Pahl
Richard J. Parker
Leo D. Plotkin
Jan D. Sokol
US Trustee
Robert J Vanden Bos
John W. Weil
Joseph A. Yazbeck

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Robert J Vanden Bos OSB #78100
Michael A. Elson, OSB #086376
VANDEN BOS & CHAPMAN, LLP
319 S.W. Washington, Suite 520
Portland, Oregon  97204
TELEPHONE:  (503) 241-4869
FAX: (503) 241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. 09-34880-elp11 |
| | ) | |
| Teufel Nursery, Inc., | ) | DEBTOR'S **THIRD AMENDED** |
| | ) | PLAN OF REORGANIZATION |
| | ) | (Dated: 02/01/10) |
| Debtor-In-Possession. | ) | |

## TABLE OF CONTENTS

**ARTICLE 1. -- DEFINITIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARTICLE 2. -- DISCLOSURE STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARTICLE 3. -- ASSETS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**ARTICLE 4. -- CLASSIFICATION OF CLAIMS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    4.1  **Secured Creditors.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    4.2  **Priority Creditors.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    4.3  **Unsecured Creditors.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    4.4  **Unclassified Creditors.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**ARTICLE 5. -- TREATMENT OF CLAIMS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    5.1  **Secured Creditors** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    5.2  **Priority Creditors** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
    5.3  **Unsecured Creditors** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
    5.4  **Unclassified Creditors** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT A, Page 1 of 69**

**ARTICLE 6. -- ADMINISTRATIVE EXPENSES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

**ARTICLE 7. -- IMPLEMENTATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    7.1    **Termination of Debtor-in-Possession** . . . . . . . . . . . . . . . . . . . . . . . . . 29
    7.2    **Revesting** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29
    7.3    **Continuing Committee** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
    7.4    **Collection and Disbursing Agent** . . . . . . . . . . . . . . . . . . . . . . . . . . . 30
    7.5    **Equity Holder Infusion** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33
    7.6    **Enforcement Injunction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35
    7.7    **Ordinary and Non-Ordinary Course Transactions by An Affiliate** . . . . 36
    7.8    **Funding for Plan Payments.** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37
    7.9    **Retention of Avoidance Claims** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
    7.10   **Retention of Third-Party Claims** . . . . . . . . . . . . . . . . . . . . . . . . . . . 38
    7.11   **Fees Payable Under 28 U.S.C. §1930.** . . . . . . . . . . . . . . . . . . . . . . . 39
    7.12   **Distribution of Reserved Funds for Payment of Professional Fees and**
           **Expenses After the Effective Date.** . . . . . . . . . . . . . . . . . . . . . . . . . . 39
    7.13   **Continuation of Retiree Benefits** . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
    7.14   **Prepayment** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40
    7.15   **Requests for Post-Confirmation Notices** . . . . . . . . . . . . . . . . . . . . . 40
    7.16   **Amended Charter** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
    7.17   **No Attorney Fees** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41
    7.18   **No Interest** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

**ARTICLE 8. -- LEASES AND EXECUTORY CONTRACTS** . . . . . . . . . . . . . . . . . . . . 41
    8.1    **Leases and Executory Contracts Assumed** . . . . . . . . . . . . . . . . . . . 41
    8.2    **Leases and Executory Contracts Rejected** . . . . . . . . . . . . . . . . . . . 42

**ARTICLE 9. -- MODIFICATION OF THE PLAN** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

**ARTICLE 10. -- EFFECT OF CONFIRMATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

**ARTICLE 11. -- DISCHARGE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

**ARTICLE 12. -- DEFAULT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

**ARTICLE 13. -- OBJECTIONS TO CLAIMS AND**
          **DETERMINATION OF SECURED STATUS** . . . . . . . . . . . . . . . . . . . . . . . . . 44

**ARTICLE 14. -- RESERVATION OF POWERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

**ARTICLE 15. -- WAIVER OF PROVISIONS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

**ARTICLE 16. -- RETENTION OF JURISDICTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT A, Page 2 of 69**

**ARTICLE 17. -- SECTION 1129(b) REQUEST** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

**ARTICLE 18. -- MISCELLANEOUS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
   18.1  **Headings**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
   18.2  **Notices** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46
   18.3  **Reservation of Rights** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47
   18.4  **Computation of Time Periods** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47
   18.5  **Creditor's Change of Address** . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
   18.6  **Utility Deposits** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
   18.7  **Setoffs**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
   18.8  **Section 1146(c) Exemption**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48
   18.9  **Recordable Order**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49
   18.10 **Reserve Fund**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49
   18.11 **Effectuating Documents and Further Transactions** . . . . . . . . . . . . . . 50

## LIST OF EXHIBITS

**Exhibit A - Definitions**
**Exhibit B - Class 13 Promissory Note**
**Exhibit C - Schedule of Payments to CD Agent**
**Exhibit D - Teufel Nursery, Inc. Contracts / Lease Agreements - Assumed**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**EXHIBIT A, Page 3 of 69**

## ARTICLE 1. -- DEFINITIONS

Definitions of certain terms used in the Plan and Disclosure Statement are attached as **Exhibit A - Definitions**.  Other terms are defined in the text of the Plan.  In either case, when a defined term is used, the first letter of each word in the defined term is capitalized.  Terms used and not defined in the Plan and Disclosure Statement shall have the meanings given in the Code or Bankruptcy Rules.

## ARTICLE 2. -- DISCLOSURE STATEMENT

Debtor has filed a Disclosure Statement which Debtor contends satisfies the requirements of 11 U.S.C. §§ 1125 and 1126 and Bankruptcy Rule 3016(c).  Prior to mailing the Plan to Creditors for voting the Court will have considered and approved the Disclosure Statement.  The Disclosure Statement provides useful information to assist Creditors in voting on the Plan.  A copy of the Disclosure Statement accompanies the Plan and should be considered in conjunction with the Plan.

## ARTICLE 3. -- ASSETS

Debtor will retain possession of all of its Assets except as otherwise provided in the Plan.

## ARTICLE 4. -- CLASSIFICATION OF CLAIMS

4.1    **Secured Creditors**.

4.1.1    **Class 1A** - Class 1A consists of the Allowed Secured Claim of Textron Financial Corporation ("TFC") for payment of that certain promissory note ("Textron Note 1") having an unpaid balance of approximately $4,854,691.00 as of the Petition Date.

4.1.2    **Class 1B**.  Class 1B consists of the Allowed Secured Claim of TFC for

///

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

payment of that certain promissory note ("Textron Note 2") having an unpaid balance of
approximately $628,333 as of the Petition Date.

4.1.3  **Classes 2A through 2C**.  Classes 2A through 2C consist of the
Allowed Secured Claims of Caterpillar Financial Services Corporation ("Caterpillar"), each
deemed to be a separate subclass as show below:

| Class | Collateral |
|-------|-----------|
| 2A | 1 Caterpillar 416E Backhoe Loader - SN SHA01139; 1 Caterpillar 416E Backhoe Loader - SN SHA01241. |
| 2B | 1 Caterpillar 257B Multi Terrain Loader -SN SLK06483; 1 Caterpillar 257B Multi Terrain Loader SN SLK06484 |
| 2C | 1 Caterpillar 303CCR Excavator - SN BXT02166; 1 Caterpillar 303 CCR Excavator - SN BXT02167 |

4.1.4  **Class 3** - Class 3 consists of the Allowed Secured Claim of CitiCapital
Commercial Corp. ("CitiCapital") secured by the following: Ditch Witch SK650 Trenchers,
Ditch Witch Accessories & Attachments; 2 Ditch Witch Construction Trailers, Ditch Witch
Mini Ski Steer.

4.1.5  **Classes 4A through 4C**.  Classes 4A through 4C consist of the
Allowed Secured Claims of GE Capital Fleet ("GE Capital"), each deemed to be a separate
subclass as shown below:

| Class | Collateral |
|-------|-----------|
| 4A | 1 2003 Isuzu NPR w/12ft Dump Body -   VIN 1KLC4B1R83J800182. |
| 4B | 1 2002 GMC Savana Special 4X2 W/AMC Van Body - VIN 1GDJG31R221145452. |
| 4C | 1 202 GMC Topkick w/PTC Knapaheide Flatbed with Rugby Electric Hoist, Hitch, Tool Box and 6 Winches - VIN 1GDJ6H1C72,1512924. |

Page 2 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 5 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.1.6  **Classes 5A through 5I**.  Classes 5A through 5I consist of the Allowed

Secured Claims of General Electric Capital Corporation ("GECC"), each deemed to be a

separate subclass shown below:

| Class | Collateral | Acct. No. |
|-------|------------|-----------|
| 5A | Lawn Mowers | 4001 |
| 5B | Hydroseeder | 4002 |
| 5C | Lawn Mowers | 4003 |
| 5D | Exmark Mowers | 4004 |
| 5E | Exmark Mowers | 4005 |
| 5F | Exmark Mowers | 4006 |
| 5G | Lawn Mowers | 4007 |
| 5H | Lawn Mowers | 4010 |
| 5I | Exmark Mowers | 4011 |

4.1.7  **Classes 6A through 6C** - Classes 6A through 6C consists of the

Allowed Secured Claims of IKON Financial Services / IOS Capital ("IOS"), each deemed to

be a separate subclass as shown below:

| Class | Collateral | Agreement No. |
|-------|------------|---------------|
| 6A | 1 Kyocera KM 5050i | 028583C |
| 6B | 1 Canon IR5000DS ICS Bundle; 1 Cann image RUNNER 3300 w/DocSend ICS Bundle; 1 [FOC][SET] IKN COPR BP550 | 05253B3 |
| 6C | 1 Kyocera 4050i w/Cabinet Bundle | 1742760 |

4.1.8  **Class 7** - Classes 7A through 7B consists of the Allowed Secured

Claims of Glesby Marks Leasing ("Glesby") , each deemed to be a separate subclass as

shown below:

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

| Class | Collateral | Agreement No. |
|-------|------------|---------------|
| 7A | Vehicle Lease | 05.83821.A1 |
| 7B | Equipment Lease | 05.83821.A2 |

4.1.9  **Class 8** - Class 8 consists of all Creditors holding statutory Claims of lien under state or federal laws against real property or personal property owned by third parties.

4.1.10  **Class 9** - Class 9 consists of all Creditors holding statutory claims of lien under applicable state or federal laws against personal property owned by the Debtor.

4.2  **Priority Creditors.**

4.2.1  **Class 10**- Class 10 consists of allowed employee priority wage and benefit claims.

4.2.2  **Class 11** - Class 11 consists of the allowed priority claims of local, state and federal governmental agencies or quasi governmental agencies, including but not limited to: City of Wilsonville; Dept. of Labor and Industries (Oregon); Washington State Department of Labor and Industries; State of Idaho, Industrial Commission; Idaho Dept. of Labor; Internal Revenue Service; Oregon Dept. of Revenue; SAIF Corporation (Oregon); Washington Dept. of Revenue; and Oregon Department of Transportation (Motor Carrier Transportation Division)

4.3  **Unsecured Creditors.**

4.3.1  **Class 12** - Administrative Convenience Class.  Class 12 consists of those Creditors holding general Unsecured Claims of $200 or less, and those Creditors who elect to reduce their claims to $200 or less and elect to have the treatment provided for the Creditors within Class 12.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

4.3.2 **Class 13** - General Unsecured Claims.  Class 13 consists of those Creditors holding allowed general Unsecured Claims in amounts in excess of $200.

4.3.3 **Class 14** - Affiliates.  Class 14 consists of the general Unsecured Claims of Creditors who are defined under the Bankruptcy Code as "Affiliates" and includes but is not limited to:  Teufel Holly Farms; Teufel Properties, LLC.; Lawrence A. Teufel; Christina Teufel; Linda R. Teufel; Teufel 99 Trust, but excludes the claim of Linda R. Teufel for payment of a promissory note having an approximate unpaid balance of $329,000 as of the Petition Date and excludes the claim of Christina Teufel for payment of a promissory note having an approximate unpaid balance of $353,000 as of the Petition Date.

4.4 **Unclassified Creditors.**

4.4.1 **Unclassified** - Equity Holders.  Debtor's Equity Holders are as follows: Lawrence A. Teufel - 54.1% ownership interest; Linda Teufel - 23% ownership interest; Christina Teufel - 22.9% ownership interest.

## ARTICLE 5. -- TREATMENT OF CLAIMS

Unless otherwise stated, all classes of Claims are impaired under the Plan and entitled to vote.

Except as otherwise modified by the Plan, all agreements executed between the Debtor and its Creditors including, but not limited to, contracts, leases, security agreements, UCC financing statements, mortgages, trust deeds and all other documents, shall remain in full force and effect according to their terms.

5.1 **Secured Creditors**.

Secured Creditors will retain their liens until paid in full, unless specifically provided

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

otherwise in the Plan.  Secured Creditors shall have the option of submitting new security agreements to Debtor consistent with the provisions of the Plan for execution by Debtor. Debtor agrees to sign such documents upon presentation.

Unless otherwise stated, any unpaid deficiency after sale, foreclosure or return of a Secured Creditor's Collateral shall be treated as an Unsecured Claim.  Unless a Secured Creditor files an itemized Claim (or amends an existing Claim) to assert a deficiency Claim within 60 days after sale, foreclosure or return of its Collateral, any such deficiency Claim shall be deemed waived.  A Claim for a deficiency shall be filed with the Court and served upon the Debtor and Debtor's counsel.  Unless the Debtor objects to a deficiency Claim within 60 days of service, the deficiency Claim shall be deemed allowed.

5.1.1   Class 1A - TFC.
5.1.2   Class 1B - TFC.

5.1.3   TFC and the Debtor have mutually agreed, as a result of a mediation conducted by the Honorable Randall L.  Dunn, U.S. Bankruptcy Judge for the District of Oregon, that the treatment of TFC's claim in Debtor's bankruptcy shall be as follows:

TFC's Allowed Secured Claims in Class 1A and Class 1B shall be combined into a single term note (the "TFC Plan Note") to be paid in full on or before the date which is forty-eight (48) months following the Effective Date.  For purposes of the Plan, TFC's allowed secured claim shall be $5,908,259.98, which includes an agreed amount of $500,000 for costs and fees.  The form of the TFC Plan Note shall be identical to the form of that certain "Term Note" previously executed between Debtor and TFC dated October 20, 2006, except shall contain the following terms:

1)    Post petition interest from the Petition Date at the Prime Rate in effect on the Effective Date, plus 3%.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

2)      Monthly payments due on the last day of each calender month as

follows:

    (a)      Year 1:      $15,000 per month (Commencing 1/30/2010)

    (b)      Year 2:      $20,000 per month for the first six months, 30,000

                              per month thereafter.

    (c)      Year 3:      $30,000 per month for 6 months, $60,000 per

                              month thereafter.

    (b)      Year 4:      $60,000 per month, balance due in full four years

                               from the Effective Date.

3)      Annual payments as follows:  $100,000 payable 90 days following the

Effective Date, followed by annual payments of $200,000 on May 1 of

each subsequent calender year until TFC's claim has been paid in full.

The source of the funds shall be from Teufel Holly Farms, Inc.

4)      In addition to the above payments, from the combined net proceeds

from liquidation of Debtor's Plant inventory; from the net recoveries of

litigation claims (after subtracting for litigation costs, including

attorney's fees) including from the Tamarack lien claim and Debtor's

professional negligence claims against an Idaho Attorney and (Credit

Management Association fka CMA Business Credit Services); and

from the net proceeds (net of sales costs, an allowance for payment of

income taxes (calculated at 30% of the capital gain) and commissions,

including reasonable attorneys fees) from the liquidation of the real

estate owned by Teufel Properties in Kent Washington, the Debtor

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

shall pay TFC the following additional amounts on or before the dates
specified:

| | |
|---|---|
| January 15, 2011 | $800,000 |
| December 31, 2011 | $600,000 |

Net proceeds from the Plant inventory liquidation shall be held in a
segregated account and transmitted to TFC on a monthly basis within
ten (10) days of the close of the calendar month, with first payment to
occur on March 10, 2010.

5)    In lieu of selling the Kent, Washington property, Debtor shall have the
option to refinance the property.  TFC shall release its trust deed
against the Kent Washington property upon Debtor's payment of
$650,000 to TFC at the closing of any refinance of the loan on the
Kent, Washington property.

6)    In addition to the foregoing payments, the Debtor shall pay TFC
"Match Payments" which shall be equal to 50% of each of the
scheduled payments due  to the Class 13 creditors at the time each
payment is due to the Class 13 creditors.  Linda and Tina Teufel, who
each hold allowed claims within Class 13, shall assign to TFC their
rights to distributions from the CD Agent on account of their Class 13
claims.  Any amounts paid by the CD Agent to TFC on account of the
Class 13 claims held by Linda and Tina Teufel shall be a credit
against, and reduce the amount of, the "Match Payments" to be made
by Debtor under this subparagraph.  The CD Agent shall provide

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Debtor with a report after each disbursement to Class 13 showing the date of the disbursement, the name of each creditor paid, and the amount paid to each.

Debtor provided a copy of the proposed form of the TFC Plan Note to TFC before the Disclosure Statement Hearing scheduled for December 11, 2009 for TFC's review and comment.

If, while any amount remains due to TFC under this Plan, TFC collects money from a third party which Debtor is entitled by applicable law to have credited against TFC's claim (excluding the "Match Payments"), such amounts received by TFC will be credited against the scheduled payments due under this Plan immediately following TFC's receipt of the third-party money, and relieve the Debtor from making the payments falling due immediately after the third party payment until the total of payments skipped equals the amount of the third-party funds which had been collected by or paid to TFC.

During the life of the Plan, and for so long as there is an outstanding unpaid balance to TFC, the Debtor's obligation to provide periodic written financial reports, within 25 days following the close of each calender month, to TFC will be limited to the following:

1)     Monthly Balance sheet

2)     Monthly Income Statement

3)     Collateral Report (which shall disclose the value of TFC's collateral using the methodology set forth in this Plan, and state the collateral ratio)

4)     Bank Reconciliation

5)     CWIP Report (by job number only, customer names omitted)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

6)      Monthly report of revenues from the maintenance division

Unless inconsistent with the terms of the Plan, or except as otherwise provided in this Plan, all terms and conditions of the pre-petition loan agreements between Debtor and TFC shall remain in full force and effect.

The following provisions of the "Loan and Security Agreement" dated May 22, 2002, between Debtor and Systran Financial Services Corporation, inclusive of all subsequent amendments thereof, shall be of no further force nor effect:

1)      7.2 - Books and records (including any requirement for quarterly audits is terminated);

2)      Paragraph 7.7 - Reporting as to Revenues, Accounts and Inventory;

3)      7.8 - Borrowing Base;

4)      8.2 - Disposition of Assets;

5)      8.3 - Loans and Guaranties;

6)      8.6 - Net Working capital, Tangible Net Worth and Ratios; and

7)      8.7 - Change of Control - omit all provisions excepting those providing for default for sale of substantially of the assets of the Debtor or change in ownership of the stock by the current equity holders.

Notwithstanding the foregoing, Debtor shall be deemed in default to TFC under this Plan if Debtor makes a voluntary pledge or transfer, or suffers an involuntary pledge or transfer of substantially all of Debtor's assets, the Debtor voluntarily or involuntarily becomes the subject of a subsequent bankruptcy proceeding (provided, however, that in the event of an involuntary bankruptcy Debtor shall have 45 days to obtain dismissal of the involuntary bankruptcy proceeding), Teufel Holly Farms defaults on its loan

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

from Umpqua Bank secured by the Teufel Holly Farms Property or on its operating credit facility (in either case, only after acceleration by the lender) or Teufel Properties defaults on its loan secured by the Kent, Washington Property (but only after acceleration by the lender).

TFC shall be deemed to be adequately protected for payment of its Allowed Secured Claim during the life of the Plan so long as the ratio of the orderly liquidation value of TFC's collateral, which shall take into account the orderly liquidation value of the Miller Road property and any funds held for TFC by the CD Agent, compared to the then outstanding value of TFC's Allowed Claim, establishes an equity cushion at or above 40%. For purposes of calculating the equity cushion, the values of the following collateral against which TFC holds liens or security interests shall be determined and counted for the adequate protection analysis as follows:

1)  <u>Cash on Hand or Deposit</u>:  Cash on hand will not count for purposes of adequate protection of TFC's position after the Effective Date of the Plan.

2)  <u>Accounts Receivable</u>:  After subtracting for any amounts scheduled to be paid to any subcontractor or supplier through any joint check agreement, the value of the receivables for purposes of adequate protection, shall be the figure which is 85% of the "Total Eligible Collateral" as defined by TFC's form of "Borrowing Base Certificate" in effect and submitted by the Debtor to TFC on January 10, 2010.

3)  <u>Machinery, Equipment and Vehicles</u>.  Machinery, equipment and vehicles shall be valued at net liquidation value after costs of sale.  As

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

of the Confirmation Date, for purposes of the Plan, the net liquidation

value shall be $664,375 which represents the valuation contained in

TFC's appraisal, less the sum of $187,000 for maintenance equipment

which is included in the value of the maintenance division.

4)   Inventory:  Inventory will be valued at the net liquidation value after

cost of sale.  As of the Confirmation Date, for purposes of the Plan the

inventory shall be valued at the amount of $1,040,000, which is the

valuation contained in TFC's appraisal with respect to a liquidation

commencing in February or March.

5)   Maintenance Division Value:  The value of TFC's collateral position in

the maintenance division shall be $4,605,000 (the conclusion reached

in the valuation performed by the Cogence Group),  less a 10% sales

commission and less $144,000 for paying off liens on equipment to be

sold as part of the maintenance division, for a net valuation for

adequate protection purposes of $4,000,500.  In any future valuation

of TFC's collateral interest in the maintenance division, the calculation

of value shall be adjusted up or down annually as of the last calendar

day of each year by the same percentage change in the annual

revenues provided no adjustment will be made to the value unless the

change in percentage of annual revenues exceeds a 5% change in

either direction.

6)   Miller Road Property:  TFC's collateral position in the Miller Road

Property will be initially valued at $2,900,000.  In any future valuation,

**EXHIBIT A, Page 15 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the value of TFC's collateral position in the Miller Road Property will be

calculated as the fair market value of the Miller Road property, less

amounts owing on prior liens, less 10% for costs of sale.

In summary, for purposes of establishing TFC's adequate protection as of the

projected Confirmation Date, the following values are agreed upon as the values in effect

as of the Effective Date:

| DESCRIPTION | AMOUNT |
|---|---|
| Cash | $0 |
| Accounts Receivable | $900,000 |
| Equipment | $664,375 |
| Inventory | $1,040,000 |
| Maintenance Division (going concern value) | $4,000,500 |
| Miller Road Property | $2,900,000 |
| TOTAL: | $9,504,875 |

If at any time during the life of the Plan Textron contends it is not adequately

protected for continued use of its cash collateral, Textron shall provide 30-days notice to

the Debtor of the alleged deficiency with an opportunity to cure.  For purposes of assessing

adequate protection, Accounts Receivable valuations are to be made as of the tenth day of

each calendar month.  The cure of any default in the requisite collateral ratio must be

made by a payment of cash to TFC from a source other than the Debtor, excepting that an

alleged default in the collateral ratio may also be cured because of an increase in the

amount of Accounts Receivable resulting new billings in the ordinary course of business.

Notwithstanding any language of this Plan to the contrary, any Affiliate has the right to cure

any alleged default in the collateral ratio by payment of cash to TFC.   If the alleged

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

deficiency is cured within 30 days, then any alleged default shall be deemed to have not occurred. If Debtor disputes a written notice from TFC alleging lack of adequate protection, and TFC and the Debtor do not mutually resolve the dispute, then the Debtor or TFC shall have the option to submit the dispute to the Bankruptcy Court for resolution.  The Bankruptcy Court shall retain jurisdiction to resolve any dispute between the Debtor and TFC with respect to levels of adequate protection required under this Plan.  Until the Bankruptcy Court resolves any claim of dispute between TFC and to Debtor regarding any claim by TFC of lack of adequate protection, the Debtor shall not be in default to TFC under this Plan, and Debtor's rights to continue using cash collateral would not be affected.

Upon confirmation, Debtor shall have authority, without further Court approval, to retain a disinterested auctioneer to conduct an auction sale of any or all of Debtor's inventory, equipment, vehicles, trailers, or rolling stock.  Reserve prices shall be set in Debtor's discretion with the concurrence of the auctioneer.  Debtor shall provide TFC with ten (10) days written notice of the identity of the auctioneer, the time and place for any auction and the reserve prices set, if any.  If TFC objects to the reserve prices, then the reserve prices for equipment shall be set at or above the minimum values of the items contained within TFC's equipment appraisal performed by Michael J. Jones of AccuVal Associates, Incorporated dated July 21, 2009 and the reserve prices for Plant inventory shall be set at or above the minimum valuations in TFC's inventory appraisal dated July 21, 2009 performed by TFC's appraiser (AccuVal Associates, Incorporated).   Upon confirmation, Debtor may also sell, without further notice or Court approval, any of its Plant inventory, equipment, vehicles, trailers or rolling stock, so long as the prices are at or above the minimum valuations contained in TFC's appraisals, or at other prices provided

TFC consents.  Proceeds from such sales shall be used in accordance with the terms of the Plan.

Notwithstanding any language of this Plan to the contrary, any proceeds from the sale of equipment or rolling stock outside the ordinary course of business shall be segregated and held in a separate account for reinvestment in replacement equipment or capital expenditures.  TFC shall have a senior security interest, deemed perfected in the Confirmation Order,  in the proceeds from any such equipment sales and in any replacement equipment or other tangible or intangible assets acquired through any such capital expenditures,  but TFC's security interest  in such proceeds shall be subject to debtor's right to use the proceeds  within six months of sale  of equipment  to purchase replacement equipment  or make capital expenditures.  In the event such proceeds are not reinvested in replacement equipment or capital expenditures within six months of the sale of the item which generated the proceeds, Debtor shall remit any such unused proceeds to TFC, which shall apply such proceeds as an additional principal payment.

So long as the Debtor is not in default under the Plan, Debtor may use any of TFC's cash collateral to make the payments required under the Plan and to otherwise use TFC's cash collateral in the ordinary course of Debtor's business.

TFC shall have relief from the confirmation injunction without application to or further Order from the Court to pursue its applicable state law remedies if not paid in full on all claims in Classes 1A-1B within forty-eight (48) months of the Effective Date.

The litigation currently pending between the TFC in the Debtor (and others) shall be dealt with this follows:

1)    TFC will dismiss without prejudice its suit filed on August 6, 2009 in

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

United States District Court for the District of Oregon against Lawrence A. Teufel, Christina Teufel, Linda Teufel (collectively the "Teufels"), Teufel Holly Farms, Inc. and Teufel Properties, LLC. Teufel Holly Farms and Teufel Properties LLC will waive all defenses to future suit or enforcement action of any kind (judicial or non-judicial) by TFC if commencement of such suit or action is permitted because of an uncured default to TFC under the Plan pursuant to a written waiver agreement. The Teufels, Teufel Holly Farms, Teufel Properties, and each of them, agree that they shall bring no claims of any kind or nature against TFC unless (in the case of the Teufels only) and until TFC shall, if ever, re-file its action against the Teufels, or any of them. Upon payment in full to TFC pursuant hereto, Teufel Holly Farms, Teufel Properties, LLC, the Teufels and TFC shall release each other from any and all claims each may hold against the other.

2) TFC will dismiss without prejudice its suit filed on August 6, 2009 in United States District Court for the District of Oregon against Don Hauenstein, Debtor's CFO. Hauenstein agrees that he shall bring no claims against TFC unless and until TFC shall, if ever, re-file its action against Hauenstein. Upon payment in full to TFC pursuant hereto, Hauenstein and TFC shall release each other from any and all claims each may hold against the other.

3) Upon receipt of the mutual release described below signed by Dwyer, the Debtor will dismiss with prejudice its lawsuit against TFC and

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Gerald Dwyer which was filed in Multnomah County Circuit Court on November 13, 2009 and thereafter removed to the United States Bankruptcy Court for the District of Oregon. Dwyer and Debtor shall execute a written release mutually releasing one another, including all affiliates and employees, Teufel Holly Farms, Inc. and Teufel Properties, LLC., the Teufels and Don Hauenstein from any and all claims contingent only upon dismissal of such suit.

Teufel Holly Farms agrees to pay any Plan payment due to TFC when due in the event the Debtor is unable to pay a scheduled payment to TFC. In addition, any Affiliate shall have the option to make payments to prevent or cure any default on the Debtor's obligations to TFC under this Plan. So long as the Debtor is current in payments to TFC under the Plan, and is not in violation of the collateral ratio covenant, TFC shall not take any collection activity of any kind against any of the Guarantors of Debtor's obligations to TFC.

Notwithstanding any provision of this Plan to the contrary, the Debtor shall have 15 days notice and opportunity to cure any default of any payment obligation owed to TFC under this Plan.

Upon completion of the accounting review which Moss Adams was approved to perform pursuant to the order of the Bankruptcy Court (docket number 426), if Moss Adams concludes that the line entry shown on the Debtor's October 2015 report entitled "Post-Petition Cumulative Profit or (Loss)" of $233,434 should be adjusted in by a number in excess of $333,333 (excluding any adjustment due to post-petition professional fees), then the Affiliates shall pay 50% of the amount in excess of $333,333 to the Debtor has an

Page 17 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 20 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

additional capital contribution for use by the Debtor as additional working capital, and the
Affiliates shall pay 50% of the amount in excess of $333,333 to TFC which shall be applied
to reduce the principal balance owing on TFC's allowed claim.

Beginning in the first calendar quarter following the Effective Date of the Plan,
and for so long as any amounts are owing to TFC under this Plan, Debtor will utilize the
accounting firm of Moss Adams, as the Debtor's accountant.  Moss Adams will provide
copies of its quarterly reviews of Debtor's financial results to TFC so long as any amounts
are owing to TFC under this Plan.  TFC shall reimburse the Debtor $11,250 quarterly,
which Debtor will use towards paying fees and costs which may become owing to Moss
Adams.

Teufel will agree to implement any reasonable suggested changes in
procedures and policies Moss Adams reasonably believes are necessary for Teufel to
comply with GAPP.  If Debtor believes a procedure or policy recommended by Moss
Adams is unreasonable or not necessary to comply with GAAP, Judge Dunn shall have
authority to decide if the Debtor is required to implement the procedure or policy.

Debtor and TFC shall execute a mutual anti-disparagement agreement,
which will contain agreed language that TFC may use when discussing the Debtor, and if
agreement can not be reached, Judge Dunn has the authority to determine such language.

As part of its obligations under this Plan, TFC shall cast a ballot in favor of
the Plan, subject to the Plan being amended to conform to the settlement reached
between TFC and the Debtor during the mediation presided over by Judge Dunn.  TFC
shall affirmatively support the entry of an order confirming the Plan at the currently
scheduled  confirmation hearing on February 1, 2010.  TFC shall work with the Debtor in

Page 18 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 21 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

good faith to agree upon the form of the order confirming Plan in advance of the confirmation hearing.

Any disputes between TFC and the Debtor about any issues regarding implementation of the settlement reached between TFC and the Debtor, including the documents and language needed to implement the settlement will be resolved by Judge Dunn, who shall have final and non-appealable binding authority with respect thereto.

Settlement between TFC and the Debtor was subject to approval of TFC's credit committee, which was granted January 25, 2010.  Discovery with respect to the confirmation hearing will be stayed pending such approval, and pending reducing the settlement agreement to the appropriate documents, but the confirmation hearing will proceed at the scheduled time as to the proposed Second Amended Plan of Reorganization in the event TFC does not obtain final approval of TFC's credit committee before January 26, 2010.

The three day notice requirement of Paragraph 7.7 of this Plan shall be five business days notice for TFC.

Notwithstanding the language in Paragraph 71.7 of the Plan, TFC shall be entitled to its reasonable attorneys fees and costs incurred after the Effective Date and only after an uncured default in an obligation owed to TFC under this Plan.

Teufel Holly Farms and Teufel Properties waive, as of the Effective Date, any defenses to foreclosure by TFC on the Kent, Washington property or the Miller Road property.   Teufel Holly Farms and Teufel Properties agree to vote in favor this Plan.  As evidenced by their vote in favor this Plan,  Teufel Holly Farms and Teufel Properties accept the Plan and agree to be bound by the terms of the Plan.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

5.1.4   Classes 2A through 2C - Caterpillar Financial Services Corporation.

Creditors holding Allowed Claims within Classes 2A-2C and 5A-5I will be paid the full amounts owing on the claims, with interest that the non-default rates provided for in the prepetition contracts between the Creditor and the Debtor, on the same days of the month as provided for in the prepetition contracts.  Any post petition late payment penalties and post petition default interest shall not apply.  Although Debtor does not believe there will be any arrears owing at the time of the Effective Date, any arrears owing as of the Effective Date will be added to the principal balance and paid at the end of the contract by continuing the regular monthly payments until the entire balance has been paid in full.  Debtor's estimates of the balances owing to the creditors within these classes as of the Effective Date are shown in **Exhibit 2** to the Disclosure Statement. However, Debtor's estimated balances shall not be binding upon the creditors within this class, but rather the proofs of claims filed by the respective creditors will control, unless the amount in a proof of claim is changed by the Court after objection filed by the Debtor and notice to the affected creditor with an opportunity for hearing.

5.1.5   Class 3 - CitiCapital Commercial Corp.

The claim of this Class is unimpaired.  Notwithstanding any language  to the contrary elsewhere in this plan, the Debtor acknowledges that the agreement with this creditor is a "true" lease, not a purchase agreement.  Debtor assumes the lease with this creditor pursuant to the terms of Article 8.1 of this Plan.

5.1.6   Classes 4A through 4C - GE Capital Fleet.

The claims of these Classes are unimpaired.  The Debtor will pay the amounts owing on the claims within these Classes in accordance with the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

pre-petition contracts between the Debtor  and the respective creditor.   Debtor  is

current on all payments due under any contract with the creditor within these Classes.

      5.1.7   See Article 5, Section 5.1.4.

      5.1.8   Classes 6A through 6C - IKON Financial Services / IOS Capital.

        The claims of these Classes are unimpaired. Notwithstanding any

language to the contrary elsewhere in this plan,  the Debtor acknowledges that  the

agreements within these Classes are "true" leases, not purchase agreements.   Debtor

assumes each of the leases within these Classes pursuant to the terms of  Article 8.1 of

this Plan.

      5.1.9   Class 7A - Glesby Marks Leasing.
              Class 7B - Glesby Marks Leasing.

    The claims of Glesby Marks Leasing within these classes will be treated as true

leases rather than as a Secured Claim.  Debtor assumes each lease with Glesby Marks

Leasing.

      5.1.10 Class 8 -Statutory Lien Claims Against Third Party Property.

    The Claims of the Creditors within this Class are unimpaired.  Claims within Class

8 have only unsecured status in this bankruptcy case and will be treated as Unsecured

Claims under classes 12 or 13, as applicable. Creditors holding claims within this class

are free to proceed with enforcing their rights, if any, under applicable state and federal

lien law statutes as against any property subject to their applicable liens.

      5.1.11   Class 9 - Statutory Lien Claims Against Debtor's

        Personal Property.

    Claimants within this class will be paid their allowed secured claims in full without

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

interest within 10 days of the Effective Date. Creditors within this class shall file lien

releases promptly upon payment in full of their allowed secured claims. The creditors

within this class and their allowed secured claims are as follows:

| CREDITOR / ALLOWED SECURED CLAIM | AMOUNT |
|---|---|
| Hochstein Nursery, LLC | $23,189.27 |
| R & M Plant Procurement, LLC | $12,292.65 |
| Arda C. Berryhill, dba Berryhill Nursery | $7,740.20 |
| TOTAL: | $43,222.12 |

    5.2    **Priority Creditors**.

        5.2.1   Class 10 - Employees.

        Class 10 is unimpaired. The Class 10 priority claims for unpaid wages and

unpaid health-insurance premiums were paid by the Debtor postpetition in the ordinary

course of Debtor's business.  The Class 10 priority claims for payment of unpaid

vacation shall be paid by permitting each employee who holds an allowed priority claim

for unpaid vacation to utilize the vacation time, provided the vacation time must be

utilized within 12 months of the Effective Date or it will be forfeit.  Consistent with

Debtor's ordinary course of business, employees who quit or who are terminated for

cause, are paid unused vacation.  Non-priority wages, benefits or vacation shall be paid

as Unsecured Claims under Class  13, as applicable.

        5.2.2   Class 11 - Priority Taxes.

        Creditors holding claims within Class 11 are unimpaired and not entitled to

vote.  Creditors holding allowed priority claims within these classes shall be paid in equal

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

monthly installments of principal plus interest at the rate calculated in accordance with 11 USC Section 511, within five years of the Petition Date.  Payments shall be due on the tenth day of each calendar month, commencing with the 10th day of the calendar month for the first full month following entry of the Effective Date; provided however, that any Creditor within Class 11 holding an allowed priority claim of $3,000 or less will be paid in full the amount of the Allowed Claim with thirty (30) days following the Effective Date.

If, after procuring any necessary additional court approvals, Lawrence Teufel loans money to the Debtor earmarked to pay the "trust fund" portion (the unpaid withholding portion) of the IRS Class 11 claim against the Debtor, the Debtor shall then remit such amount to the IRS designated as payment of the "trust fund" taxes, which amount shall be applied by the IRS to the trust fund portion of the taxes owed by the Debtor to the IRS.  Thereafter, the Debtor will prorate the monthly payments which would be paid to the IRS on its Class 11 claim, paying the IRS the Pro rata amount of the monthly payment for the non-trust fund portion of the claim, and paying Lawrence Teufel the Pro rata amount of the monthly payment for the trust fund portion of the claim.

 5.3    **Unsecured Creditors**.

 5.3.1   Class 12 - Administrative Convenience Class.

Class 12 consists of Allowed Unsecured Claims which are equal to or less than $200.00.  Each holder of a claim in such class shall receive cash in an amount equal to 80 percent of such claim, without interest, within 30 days following the Effective Date.  Any Creditor holding a claim in excess of $200 may "opt in" to Class 12 by

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

marking a special "opt in" election on the ballot for voting for or against this Plan. Creditors holding claims in excess of $200 who elect to "opt-in" to Class 12 shall agree to reduce their claims to $200 and to consent to the treatment of their reduced claim as called for within Class 12.

       5.3.2  Class 13 - General Unsecured.

       Within 10 days of the Effective Date, the Debtor shall execute a promissory note in the form attached to this Plan marked **Exhibit B - Class 13 Promissory Note** (the "Class 13 Promissory Note"). The principal amount of the note shall be the collective total of the allowed claims within Class 13. The note will bear interest on the principal from the Petition Date at the Federal Rate in effect on the Effective Date. The note shall be due and payable in full no later than five years following the Effective Date. The CD Agent, to be nominated by the Unsecured Creditors Committee, shall be appointed to make payments to the Class 13 Creditors, from the funds paid to the CD Agent by the Debtor.

       The Debtor will make payments to the CD Agent for the benefit of Class 13 on the schedule shown on **Exhibit C - Schedule of Payments to CD Agent** attached to this Plan. From the scheduled payments received by the CD Agent from the Debtor, the CD Agent will, commencing with the second calender quarter of 2010, make quarterly payments (but skipping any payment for 3rd quarter 2012), within 15 days of the close of each calender quarter, on a Pro rata basis to the holders of Allowed Claims within Class 13, based on the balance owing on the Claim on the Effective Date, after reducing each Claim for any payments received postpetition on account of their Claim from any third party. The schedule of the quarterly distributions to the Class 13 creditors shown as an

Page 24 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 27 of 69**
               VANDEN BOS & CHAPMAN, LLP
                     Attorneys at Law
            319 SW Washington Street, Suite 520
               Portland, Oregon 97204-2690
                 (503) 241-4869

approximate percentage of the Class 13 allowed Claims (based on an approximate total of $3,641,000 of Class 13 Claims) is shown below:

| Date | Total Amount Distributed | Estimated % Paid on Claim |
|---|---|---|
| 03/31/10 | $45,000.00 | 1.24% |
| 06/30/10 | $45,000.00 | 1.24% |
| 09/30/10 | $45,000.00 | 1.24% |
| 12/31/10 | $195,000.00* | 5.36% |
| 03/31/11 | $90,000.00 | 2.47% |
| 06/30/11 | $157,000.00 | 4.31% |
| 09/30/11 | $157,000.00 | 4.31% |
| 12/31/11 | $125,000.00 | 3.43% |
| 03/31/12 | $110,000.00 | 3.02% |
| 06/30/12 | $50,000.00 | 1.37% |
| 09/30/12 | $0.00 | 0.00% |
| 12/31/12 | $105,000.00 | 2.88% |
| 03/31/13 | $95,000.00 | 2.61% |
| 06/30/13 | $30,000.00 | 0.82% |
| 09/30/13 | $30,000.00 | 0.82% |
| 12/31/13 | $300,000.00 | 8.24% |
| 03/31/14 | $200,000.00 | 5.49% |
| 06/30/14 | $250,000.00 | 6.87% |
| 09/30/14 | $250,000.00 | 6.87% |
| 12/31/14 | $250,000.00 | 6.87% |
| 12/31/14 | $1,162,865.55 | 31.93% |
| | $3,691,865.55 | 101.39% |

*This amount includes all proceeds (net of sales costs, estimated income tax consequences -- calculated at 30% of the capital gain -- and commissions) from

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the sale of the McCall, Idaho real estate owned by Teufel Properties. LLC, with a sale projected to be achieved by 12/31/2010, and net proceeds of $150,000.

To the extent that Administrative Claims filed before the Administrative Claims Bar Date under Section 503(b)(9) are in excess of $40,000, then the scheduled payments to the Class 13 creditors during calendar year 2010 shall be reduced on a dollar for dollar basis by the amounts used to pay Administrative Claims allowed under Section 503(b)(9). Debtor projects that the scheduled payments to Class 13 during the year 2010 could potentially be reduced by as much as $200,000 because of the potential for the filing of Administrative Claims under Section 503(b)(9). In virtually all instances, Claims which might qualify for treatment as a Section 509(b)(9) claim will be treated as a Class 13 Claim if not filed as a Section 503(b)(9) claim.

The sources of payment for the payoff to the unsecured creditors due by December 31, 2014 will be from a loan against the Debtor's assets (which should at that time be free of all encumbrances) or from sale of assets, or both. Teufel Properties, LLC will execute a non-recourse note payable to the CD Agent for the sum of $150,000 secured by a deed of trust upon the Idaho Property. So long as Teufel Properties, LLC pays the net proceeds from the sale of the Idaho Property to the CD Agent, Debtor will not be in default if the net proceeds are less than the projected $150,000. Any shortfall will be carried forward as part of the balance owing to Class 13 to be paid within sixty (60) months of the Effective Date.

The CD Agent will disburse the funds from the lump-sum payment received on or before the fifth anniversary of the Effective Date within 30 days of receipt of such funds. The reasonable fees and charges, as approved by the Court, of the CD Agent

Page 26 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 29 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

will be paid for by the Debtor.  The CD Agent will have the right to declare a default of the Plan if the CD Agent does not receive the payments as scheduled on **Exhibit B**.

In addition to the forgoing scheduled payments, should the Debtor's revenues exceed projections, the Debtor agrees that it will pay to the CD Agent, for the benefit of Class 13, a royalty payment of 1.3% of the amount by which gross revenues exceed 120%, on an annual basis starting with the year 2011, of projected gross revenues shown in the final Disclosure Statement, including any applicable amendments thereof prior to the entry of the Confirmation Order.

5.3.3   Class 14 - Affiliates.

The claims of the Creditors within this class shall be subordinated to the payment of Classes 1 through 13.  No payment shall be made to this class until all the payments called for by this Plan to all other classes have been paid in full.  Creditors within this class will receive promissory notes for the principal amount of their claims, together with 5% interest.  The entire principal balance of such notes will be due 10 years from the Effective Date of the Plan, or within three years of the completion of payments to all other Creditors called for by this Plan, whichever is the earlier.  To the extent an Affiliate makes payments to TFC as called for in Class 1, the amount so paid will become a Class 14 claim and entitled to share Pro Rata in the funds distributed to the Class 14 Creditors.  Linda and Christina Teufel shall assign to TFC their rights to payments from the CD Agent on account of distributions made by the CD Agent upon their Class 14 Claims.  Payments made by the CD Agent to TFC on account of such assignment shall be applied by TFC to the "Match Payments" due to TFC  by the Debtor under this Plan.  The assignment to TFC of the rights to payment shall expire upon

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

payment in full to TFC of all amounts owed to TFC under this Plan.  TFC shall promptly cancel the assignment upon receipt of payment in full and notify the CD Agent of the cancellation of the assignment.  If TFC fails or refuses to cancel the assignment after payment in full of TFC's allowed claim, the Bankruptcy Court will retain authority to cancel the assignment after motion, notice and opportunity for hearing.

    5.4   **Unclassified Creditors**.

    5.4.1  Unclassified - Equity Holders.

Equity Holders shall retain their ownership of the stock of the Company, unless otherwise ordered by the Court as a condition of confirmation of the Plan.  If a contribution of new value should be required by the Court as a condition to retention of their equity beyond the contributions described elsewhere in this Plan, the Equity Holders shall provide notice of the amount of such contribution within two business days of the Confirmation hearing to all parties who have requested special notice in this case and to any party who makes a written request for such notice on the Debtor's counsel at or before the Confirmation hearing.  If additional contribution of new value is required, any party may submit a competing offer to Debtor's counsel for the equity of position of each respective shareholder within two business days of the Confirmation hearing, and if more than one offer to contribute new value is received, the Court shall schedule a hearing at which time an auction will be conducted and the equity will be sold to the highest bidder (with contributions of value provided elsewhere in the Plan to be taken into account in valuing the contributions of new value provided by the Equity Holders.)  If the Court requires additional contributions of new value from the Equity Holders and the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Equity Holder fails or declines to make the requisite additional new value contributions within two days of the Confirmation Hearing, their equity interests will be cancelled.

## ARTICLE 6. -- ADMINISTRATIVE EXPENSES

All allowed Administrative Claims which are entitled to priority pursuant to 503 of the Code shall be paid in full, unless otherwise agreed by the holder of such Claim or ordered by the Court, on or before the Effective Date of the Plan, or within ten days of entry of a Court order approving an application for allowance of an Administrative Claim, whichever is the later.

Each person who desires treatment of a claim as an Administrative Claim must file a Proof of Claim asserting administrative priority or file an application for allowance of an Administrative Claim on or before the date to be set by the Court (the "Administrative Claims Bar Date"), and separately noticed to Creditors, or be forever barred from asserting a claim of administrative priority in Debtor's bankruptcy.

## ARTICLE 7. -- IMPLEMENTATION

7.1    **Termination of Debtor-in-Possession**.

On the Confirmation Date, the Debtor's status as Debtor-in-Possession shall terminate, and the Debtor shall continue to operate its business in the ordinary course and shall not be precluded from engaging in any lawful business activities.

7.2    **Revesting**.

The Debtor shall be vested with all of its property free and clear of all claims, liens, charges or other interests of Creditors arising prior to the entry of the order confirming the Plan except for liens upon property securing claims provided for in the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Plan. Except as otherwise provided in the Plan, the Debtor may transact business and conduct its affairs free of any restriction of the Court following confirmation of the Plan.

7.3     **Continuing Committee**. The Official Unsecured Creditors' Committee (the "Creditors' Committee") shall continue in existence following confirmation of the Plan to be known as the "Continuing Committee." The Continuing Committee shall retain all powers and duties under the Code after the Confirmation Date as exist prior to the Confirmation Date. The Continuing Committee shall have the authority to appoint and remove the CD Agent and to negotiate and set the compensation of the CD Agent, which compensation shall not exceed the compensation allowable for a Chapter 7 Trustee under the Code. The compensation terms shall be disclosed at or prior to the confirmation hearing and be subject to Bankruptcy Court approval in the Confirmation Order. The Continuing Committee shall have authority to assign any and/or all of the Committee's powers and duties to the CD Agent as the Continuing Committee deems appropriate. The Continuing Committee shall have the right and the duty to pursue (and, in its discretion, compromise) the Debtor's Avoidance Claims. Any recoveries from the Debtor's Avoidance Claims shall be promptly remitted to the CD Agent to be paid to the Class 13 Creditors (general unsecured class) in accordance with the Plan. The Continuing Committee members shall have authority to appoint additional members. If the Continuing Committee ceases to exist, the rights, powers and duties of the Continuing Committee shall vest in the CD Agent.

7.4     **Collection and Disbursing Agent**. The Collection and Disbursing Agent (the "CD Agent") shall serve until all payments pursuant to this Plan have been made in respect to Class 13 (general unsecured Class), at which time the CD Agent shall be

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

discharged of all rights and duties.  If the Continuing Committee declines to appoint a

CD Agent, or if a CD Agent once appointed resigns and is not replaced, the Debtor will

appoint a disinterested CD Agent reasonably acceptable to TFC; any Panel Trustee

shall be deemed reasonably acceptable so long as disinterested, but if a panel trustee is

not available, Judge Dunn shall have final jurisdiction to select a replacement CD Agent

in the event the Debtor and TFC can not agree on a replacement.  The initial CD Agent

shall be Thomas Renn, who shall continue to serve as the CD Agent unless replaced by

the Continuing Committee.   If the Continuing Committee disbands or otherwise ceases

to function, the Debtor shall have and can exercise all of the powers delegated to or held

by the Continuing Committee under this Plan with respect to the CD Agent.

The CD Agent shall have the following rights:

(a)     Unless the CD Agent otherwise agrees, to be paid not less than 1.5

percent of the total amount disbursed to the Class 13 creditors (excluding

any disbursements to the CD Agent or for costs or expenses of the CD

Agent or Continuing Committee) by the CD Agent without further order or

approval of the Bankruptcy Court. Such payment shall be made at the

same time that disbursements are made to creditors. In addition to its fee,

the CD Agent shall  be reimbursed any attorneys' fees or other costs which

it may incur for performance of its duties.

(b)     To employ such attorneys, accountants or other professionals as deemed

appropriate and to pay such attorneys, accountants or other professionals

upon 10 days prior notice to Debtor and the Continuing Committee.

(c)     To rely upon any instruction made by the Continuing Committee.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

(d)    To refer issues to the Court.  If a controversy arises between members of the Continuing Committee or between or among Debtor, the Continuing Committee and the CD Agent, the CD Agent may, in its sole discretion, withhold any performance required of it and seek direction from the Court.

(e)    To object to Class 13 claims and to settle or compromise Class 13 Claims after Prior notice to and consultation with the Continuing Committee,

(f)    To file and prosecute Avoidance Claims.

(g)    To resign.

(h)    To collect the payments due from the Debtor on the Class 13 Promissory Note and to exercise all rights as the Holder of such Note in the event of default on the Class 13 Promissory Note.

(i)    To collect the payments due from the Debtor on the Teufel Properties Promissory Notes and to exercise all rights as the Holder of the Notes in the event of default on the Teufel Properties Notes.

(j)    To collect all amounts due from any Affiliate under the Plan, including the amounts due under Article 7.5 (Equity Infusion).

(k)    To foreclose the Deed of Trust on the Idaho Property if Teufel Properties, LLC should default on the Note secured against the Idaho Property.

The CD Agent shall have the following duties:

(a)    To collect all Proceeds and all net payments or proceeds from all assets (after payment of costs and fees incurred in collecting or disposing of such assets) which were transferred to or otherwise to be paid to Class 13 pursuant to this Plan and to hold all proceeds in trust for the benefit of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Class 13 Creditors.  All proceeds shall be held in the Continuing

Committee's Trust Account and invested as permitted under Section 345

of the Code and Rule 5008. Deposit accounts may be maintained only in

institutions designated by the Clerk of the Court as authorized depositories.

(b)     If required to foreclose on the McCall, Idaho property, to remit proceeds

from the sale of such property to the Class 13 creditors.

(c)     To make the periodic payments to the 13 Creditors at the times specified in

the Plan from Available Cash.

(d)     To account to the Continuing Committee and Debtor for all sums received

and disbursed.

(e)     To post a bond with a coverage amount of 125% of the funds which are to

be held by the CD Agent at any one time.

(f)     To consult with the Continuing Committee and Debtor with respect to

objections to the Class 13 Claims and pursuit of Avoidance Claims, if any.

7.5    **Equity Holder Infusion**.  Affiliates shall contribute the following as equity

infusions into the Plan:

Teufel Properties, LLC:  Teufel Properties, LLC will execute a non-recourse

promissory note payable to TFC in the sum of $650,000 secured by a deed of trust and

assignment of rents against the Kent Washington Property and a non-recourse

promissory note payable to the CD Agent in the amount of $150,000 secured by a deed

of trust and assignment of rents against the McCall Idaho Property.  It is believed that

these contributions represent the approximate net proceeds from the sale of the two

respective properties, after deducting costs of sale and an allowance for payment of the

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

capital gains taxes which will fall on the members of the LLC associated with the sale of such properties.

Teufel Holly Farms, Inc.: $350,000 payable within 10 days of the Effective Date; $150,000 payable on February 1, 2011; $200,000 payable on May 1, 2011; followed by annual payments of $300,000 per year for two years due on May 1 of each calender year, commencing May 1, 2012.  As a show of good faith and as evidence of ability to pay, Teufel Holly Farms will deliver a cashier's check for the initial payment of $350,000 to the Debtor's counsel at the Confirmation hearing to hold pending the occurrence of the Effective Date.  Debtor's counsel shall turn over the cashier's check to the Debtor within 10 days following the Effective Date.  Each shareholder of Teufel Properties, LLC and of Teufel Holly Farms, Inc. will vote to cause the equity infusions to occur.  To the extent that the payments by Teufel Holly Farms to the Debtor in this Paragraph exceed the scheduled payments in the Second Amended Plan as originally filed on December 14, 2009, the surplus shall be a credit against any additional contributions which might become payable as a result of the Moss Adams accounting review.  Any Affiliate which contributes funds for making the payments provided for in this Paragraph shall have a right to repayment of such contributions from the Debtor, subordinated to the claims of all classes of creditors.  No repayment for such contributions will be made until after the payments to all creditors under the Plan have been completed.

Lawrence A. Teufel, Christina Teufel, Linda R. Teufel and Donald E. Hauenstein will collectively contribute the sum of $100,000 to the Reorganized Debtor within 90 days following the Effective Date of the Plan.  In addition, Lawrence A. Teufel has already contributed the sum of $85,000  to the reorganization effort in the form of paying

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

$75,000 to Debtor's attorney for professional fees and $10,000 paid to the Cogence

Group PC for the appraisal of the going concern value of the maintenance division.

Lawrence A. Teufel has previously stated he will not seek reimbursement form the

Debtor for those contributions.

7.6     **Enforcement Injunction**. The Confirmation Order shall act as an

injunction (the "Enforcement Injunction") to stay and restrain from taking any of the

following actions against the Affiliates (including Don Hauenstein), or against property in

which the Affiliates hold an interest, on account of any judgments, claims or causes of

action that arise out of or relate to Claims against the Debtor or the Estate, including

without limitation, the two suits filed by TFC in the United States District Court for the

District of Oregon bearing case numbers 3:09-CV-906-MO and 3:09-CV-915-AC (each

designated an "Enjoined Claim"): (a) commencing or continuing in any manner any such

Enjoined Claim against one or more of the Affiliates; (b) enforcing, attaching, collecting

or recovering in any manner any judgment, award, decree, or order on account of an

Enjoined Claim; or (c) creating, perfecting, or enforcing any lien or encumbrance on

account of an Enjoined Action.  The Enforcement Injunction shall continue in effect until

the earliest to occur of the following:

     (a)     all of the payments required to be made under this Plan have been paid,

and all Allowed Claims have been fully satisfied pursuant to the terms of

this Plan, at which time the Enforcement Injunction shall be terminated; or

     (b)     the Reorganization Case is dismissed or converted to a proceeding under

Chapter 7.  Additionally, in the event that Debtor is in payment default

under this Plan, and such default is not cured within twenty (20)

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

business days after written notice to the Debtor and to the Affiliates

(including notice to Don Hauenstein), the affected Creditor or

party-in-interest may move the Court for an order terminating the

Enforcement Injunction on account of such payment default.

The names of some of the persons who may have Claims against Affiliates which

Claims are subject to the Enforcement Injunction of this Plan includes, but is not limited

to:  TFC; Pacific Topsoils; H.D. Fowler and The Travelers Insurance Company (bonding

company).  Notwithstanding any language to the contrary elsewhere in this Plan, nothing

in this Plan shall enjoin any governmental agency, including but not limited to the

Internal Revenue Service and the Oregon Department of Revenue, from the assessment

upon, or collection from any third party, including but not limited to the Affiliates, for

unpaid trust fund taxes of the Debtor.

       7.7     **Ordinary and Non-Ordinary Course Transactions by An Affiliate**.

Subject to further order of this Court, during the time the Enforcement Injunction is in

effect, an Affiliate may not sell, assign, transfer or encumber Assets owned directly or

indirectly by them, provided, however, an Affiliate is not prohibited from conducting

business or engaging in transactions in the ordinary course of business. In the event an

Affiliate desires to engage in an out-of-the-ordinary course transaction, such Affiliate  will

provide written notice to TFC and the Designated Parties of the intended transaction,

with a description of the property involved and terms of the transaction.  Without

limitation, Teufel Holly Farms, Inc. may pledge or encumber any of its assets, excepting

only the Miller Road property and any fixtures located on the Miller Road property which

are subject to the trust deed of TFC (which shall not be encumbered except with the

written consent of TFC), in connection with procuring financing including, but not limited

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

to, its annual operating line of credit or other financing which may be procured by Teufel

Holly Farms, Inc. Parties shall have three (3) business days to object to the noticed

transaction and, if no one provides such Affiliate with a written objection, the transaction

will proceed as intended and noticed. In the event a party does object in writing to the

transaction, such Affiliate shall file a motion with the Court seeking approval for the

intended transaction.  Notwithstanding the foregoing, the Affiliates shall have the

authority to make the contributions to the Debtor as specifically called for in this Plan or

to make any payment necessary to prevent any default or cure any default on the

payment obligations under this Plan to TFC.

> 7.8    **Funding for Plan Payments.**

The Debtor's operating cash flow projections for its reorganized business

operations, are shown on **Exhibit 2** to the Disclosure Statement, which shows that the

Debtor should be able to make the payments projected in the Plan.  Included at the end

of Debtor's financial projections (**Exhibit 2** to the Disclosure Statement) is the detailed

list of the assumptions underlying the projections.  The cash balance Debtor carries on a

monthly basis in its budget projections is an amount Debtor believes is reasonably

prudent to maintain as working capital and to meet payments as they become due under

the Plan.

In summary, Debtor proposes to fund the payments called for by this Plan from

Debtor's postpetition operations, together with the liquidation of certain Assets held by

the Debtor,  cash contributions (of an estimated value of $1,800,000) to be made by

certain of Debtor's Affiliates from the operations of the Affiliates as well as the liquidation

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

of certain Assets owned by the Affiliates, as more fully described in the Disclosure Statement.

7.9    **Retention of Avoidance Claims**.

Avoidance Claims, if any, are retained.

By Agreement between the Creditors Committee and the Debtor, Claims, if any, against insiders or Affiliates, including Avoidance Claims, if any, against Christina Teufel, Linda R. Teufel, Lawrence A. Teufel or any of Debtor's Affiliates are assigned to the Creditors Committee for investigation, collection or settlement.

Any holder of a Claim against the Debtor shall automatically have such Claim disallowed without further action by the Debtor or order of this Court if the holder of a Claim fails to repay the Debtor any sum that may be recoverable by the Debtor under Bankruptcy Code §§ 522(f), 522(h), 542, 543, 544, 545, 547, 548, 549, 550 or 724(a) within ten days of a final judgment in the Debtor's favor against such Claim holder, unless such Creditor has posted a supersedeas bond for the entire amount of the Debtor's judgment.

7.10    **Retention of Third-Party Claims**.

The Debtor shall investigate whether it has any Third-Party Claims.  All Third-Party Claims are preserved.  Without limitation, Debtor believes it may have Third-Party Claims as follows:

1)    Claims against TFC for Possible Lender Liability Claims; possible breach of covenants of good faith or fair dealing, fraud and/or promissory estoppel.  Defendant(s) would be TFC and possibly individual agents and/or former agents of TFC.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

2)    A claim for professional negligence against an Idaho attorney for possible errors made in filing Debtor's lien claims against the Tamarack project, which resulted in the invalidation or loss of priority for approximately $150,000 of lien claims.

3)    A claim for professional negligence against Credit Management Association fka CMA Business Credit Services in connection with possible errors made  in filing Debtor's lien claims against real properties owned by Renaissance Custom Homes, LLC  (now in bankruptcy in the US Bankruptcy Court for the District of Oregon), which resulted in the invalidity of approximately $245,000 of filed lien claims.

7.11   **Fees Payable Under 28 U.S.C. §1930.**

All fees payable under 28 U.S.C. §1930, as determined by the Court shall be paid on or before the Effective Date.  All post-petition fees payable under 28 U.S.C. §1930 shall be paid when due.  After confirmation, the Debtor shall continue to pay quarterly fees to the office of the United States Trustee and to file quarterly reports with the office of the United States Trustee until this case is closed by the Court, dismissed or converted.

7.12   **Distribution of Reserved Funds for Payment of Professional Fees and Expenses After the Effective Date**.

Any professional person employed by the Debtor after the Effective Date shall be paid by the Debtor upon submission to the Designated Parties of a detailed billing statement setting forth the amount of compensation or reimbursement, or both, sought.

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

If none of the Designated Parties objects to a bill on or before a date that is ten (10)

business days after it is served, the Debtor may pay such fees and expenses in the

amount requested without further Court approval or Order.  If a timely objection is made

and is not withdrawn, any dispute shall be submitted to the Bankruptcy Court for

resolution.

      7.13   **Continuation of Retiree Benefits**.

      Retiree benefits, if any (and Debtor believes there are none), shall be continued

after the Effective Date without modification at the level established pursuant to

§1114(e)(1)(B) or (g) of the Code for the duration of the period that the Debtor has

obligated itself to provide such benefits.

      7.14   **Prepayment**.  Debtor may pre-pay any amounts due to any Creditor or

Class of Creditors prior to the due dates set in this Plan without penalty and without prior

notice or Court approval.

      7.15   **Requests for Post-Confirmation Notices**.  Any party who wishes to

receive notices relating to the Debtor's bankruptcy case after the Effective Date of the

Plan shall, within twenty (20) days following the Effective Date, file a written request for

notice with Debtor's counsel, Robert J Vanden Bos, Vanden Bos & Chapman, LLP, 319

SW Washington Street, Suite 520, Portland, Oregon  97204.  Parties who have already

filed an official request with the Court for "special notice" need not file an additional

request for post confirmation notices but will be automatically on the list to receive post

confirmation notices.  Failure to request notice of post confirmation events shall be

deemed a waiver of any right to notice.  Persons who request such notice shall be

referred to as the "Designated Parties."  Notices sent more than twenty (20) days after

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the Effective Date shall be limited exclusively to the "Designated Parties" unless

otherwise ordered by the Court.  Debtor reserves the right to request removal of any

party from the list of Designated Parties, after appropriate motion, notice and opportunity

for hearing  to the affected party.

7.16  **Amended Charter**.  The Debtor's articles of incorporation and bylaws shall

be amended on the Effective Date of the Plan to prohibit the issuance of nonvoting

equity securities to the extent required by the provisions of 11 USC § 1123(a)(6).

7.17  **No Attorney Fees**.   No attorneys fees shall be paid with respect to any

Claim except as specified in the Plan or allowed by a Final Order of Bankruptcy Court.

7.18  **No Interest**.   Except as expressly stated in the Plan or otherwise allowed

by the Bankruptcy Court, no interest, penalty or late charge arising after the Petition

Date shall be allowed on any Claim, and the CD Agent shall be entitled to offset the

distribution to any creditor who has received payment for postpetition, interest, penalties

or late charges not approved by the Court.

### ARTICLE 8.  -- LEASES AND EXECUTORY CONTRACTS

8.1   **Leases and Executory Contracts Assumed**.

Effective on and as of the Effective Date, each executory contract and unexpired

lease that exist between Debtor and any other party, with respect to which the Debtor

has filed a motion in this case for authority to assume and/or that is listed on **Exhibit D -**

**Teufel Nursery, Inc. Contracts / Lease Agreements - Assumed** attached to this Plan,

is hereby expressly assumed, except for any executory contracts and unexpired leases

that have been rejected by the Debtor with the approval of the Court on or before the

Effective Date or with respect to which a motion for rejection has been filed on or before

Page 41 of 50 - DEBTOR'S *THIRD AMENDED* PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 44 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

the Confirmation Date.  Entry of the Confirmation Order shall constitute approval of the assumption and assignment of executory contracts and unexpired leases as provided in this Section.  Debtor believes that it is current on all of its leases and executory contracts, and therefore  any amounts to cure should be insignificant or will have been paid in the ordinary course of business.   In the event a lease or executory contract is in arrears, as soon as practicable after the Effective Date, Debtor will cure or provide adequate assurance that Debtor will promptly cure any default and will promptly compensate, or provide adequate assurance that Debtor will promptly compensate, the other party to such lease or contract for any pecuniary loss to such party resulting from any default.

     8.2    **Leases and Executory Contracts Rejected**.

Without admitting the existence of, or validity of, any other executory contract or unexpired lease, all executory contracts or unexpired leases with respect to which Debtor has not filed a motion seeking authority to assume or which are not expressly assumed in the Plan shall be rejected on the Effective Date.  Rejected leases include but are not limited to:  (a) Teufel Properties, LLC (Lessor) - McCall, Idaho lease previously rejected under Court Order.  Any Claims for damages arising by reason of the rejection of any executory contract or unexpired lease will be disallowed and the holder thereof barred from receiving distributions under the Plan unless a Proof of Claim for such damages on account of rejection is filed with the Court within thirty days after the Effective Date.  Any Claims based upon rejection of a lease for real property shall be limited to the amount set forth in 11 U.S.C. § 502(b)(6).  Lease Rejection Claims shall be treated as general Unsecured Claims.

Page 42 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 45 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

## ARTICLE 9. -- MODIFICATION OF THE PLAN

The Debtor may, upon compliance with requirements of 11 U.S.C. §1127, propose amendments or modifications to the Plan at any time prior to confirmation with the permission of the Court and upon notice to affected Creditors.  If Debtor revokes or withdraws the Plan prior to the Effective Date, then the Plan shall be deemed null and void. In such event, nothing contained in the Plan shall be deemed to constitute a waiver or release of any claims by or against the Debtor or any other entity or to prejudice in any manner the rights of the Debtor or any entity in any further proceeding involving the Debtor. After confirmation, Debtor may, with the approval of the Court, and so long as it does not materially or adversely affect the interest of Creditors, remedy any defects, omissions or reconcile any inconsistencies in the Plan in whatever way is necessary to carry out the purposes of the Plan.

## ARTICLE 10. -- EFFECT OF CONFIRMATION

The effect of confirmation shall be as provided for in 11 U.S.C. § 1141, and as otherwise set forth in this Plan.

## ARTICLE 11. -- DISCHARGE

Debtor will receive a discharge of its debts upon confirmation of the Plan pursuant to 11 U.S.C. §1141, subject to any applicable exceptions to discharge under 11 U.S.C. §1141(d)(6).

## ARTICLE 12. -- DEFAULT

Except as otherwise provided in the Plan, in the event Debtor shall default in the performance of any of its obligations under the Plan, then a claimant may pursue such remedies as are available at law or in equity.  An event of default occurring with respect

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

to one claim shall not be an event of default with respect to any other claim.  Nothing contained in the Plan shall limit the right of any party to reopen this case or to convert this case to a liquidation case under chapter 7 of the Bankruptcy Code if cause for such relief exists.

Debtor shall be entitled to written notice of any claimed default under the Plan, and shall have ten (10) days opportunity to cure.  If such claimed default is cured within the ten (10) days cure period, then such Creditor shall not be entitled to enforce any remedies which would otherwise be available on account of such default.  If Debtor fails to cure within the ten (10) days cure period, then such Creditor may seek such remedies as are granted by law to enforce its rights arising under and pursuant to the Plan, including seeking an order to compel such performance.

Notice of default shall be effective when served simultaneously via fax at the number shown below and mailed to both the Debtor and to the Debtor's attorney, if any, postage prepaid, at the following addresses:

| | |
|---|---|
| **Debtor**: | Teufel Nursery, Inc. |
| | Attn:  Lawrence Teufel |
| | 100 SW Miller Rd. |
| | Portland, OR  97225 |
| | Fax: 503-292-9182 |
| **Debtor's Attorney**: | Robert J Vanden Bos |
| | VANDEN BOS & CHAPMAN, LLP |
| | 319 SW Washington, Suite 520 |
| | Portland, OR 97204 |
| | Telephone: (503) 241-4869 |
| | Fax: (503) 241-3731 |

## ARTICLE 13. -- OBJECTIONS TO CLAIMS AND DETERMINATION OF SECURED STATUS

Notwithstanding any other provision of the Plan specifying a date or time for

Page 44 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 47 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

payment or distribution of consideration hereunder, payments and distributions for any

Claim that at such date or time is disputed, unliquidated, or contingent, or the nature,

extent, or value of the Collateral securing such Claim is subject to a pending proceeding,

shall not be made until an order with respect to such objection, estimation, or valuation

becomes final, whereupon such payments and distribution shall be made promptly in

accordance with such order and the Plan.  Provided however, that any undisputed

amount owed on a Disputed Claim shall be paid as if the undisputed amount were an

Allowed Claim.   Any timely filed Claim not objected to within 90 days of the Effective

Date, unless such deadline is extended in writing by the consent of the affected Creditor,

or by order of the Court for cause, shall be conclusively deemed allowed.

## ARTICLE 14. -- RESERVATION OF POWERS

Nothing in the Plan shall be deemed to constitute a waiver of the powers of

Debtor under Chapters 3 and 5 of Title 11 of the United States Code.  The Debtor shall

retain after confirmation all powers granted by such Title to the Debtor with respect to

avoidance of liens or transfers, recovery of property, and subordination of Claims.

## ARTICLE 15. -- WAIVER OF PROVISIONS

After entry of the Confirmation Order and except as otherwise specifically set

forth in the Plan, any term of the Plan may be waived by the party benefitted by the term,

but only in a writing signed by the waiving party, which will be effective without notice or

Court approval.

## ARTICLE 16. -- RETENTION OF JURISDICTION

Notwithstanding the entry of the order confirming the Plan, the Court shall retain

jurisdiction of this Chapter 11 case pursuant to and for the purposes set forth in 11

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

U.S.C. §1127(b) and (a) to classify the claim of any Creditor, reexamine claims which have been allowed for voting purposes and determine any objection that may be filed to Claims; (b) to determine requests for payment of claims entitled to priority under §507(a)(2) of the Code, including compensation and reimbursement of expenses in favor of professionals employed at the expense of the estate; (c) to avoid transfers or obligations and to subordinate claims under chapter 5 of the Bankruptcy Code; (d) to approve the assumption, assignment of rejection of executory contracts and unexpired leases pursuant to 11 U.S.C. §§365 and 1123; (e) to resolve all controversies and disputes regarding the interpretation of the Plan; (f) to implement the provisions of the Plan and enter orders in aid of confirmation; (g) to adjudicate any and all adversary proceedings and contested matters pending or hereafter commenced in this chapter 11 case; (h) to enter a final decree closing this chapter 11 case; for such other matters as may be set forth in the Confirmation Order; and (I)  to determine the nature and extent of Debtor's ownership, or rights in property held by the Debtor as of the Petition Date, including but not limited to actions to quiet title.

## ARTICLE 17. -- SECTION 1129(b) REQUEST

If the requirements of all provisions of 11 U.S.C. § 1129(a), except Paragraph 8 thereof, are met with regard to the Plan, Debtor hereby requests confirmation of the Plan pursuant to 11 U.S.C. § 1129(b).

## ARTICLE 18. -- MISCELLANEOUS

18.1    **Headings**.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect meanings of the Plan.

18.2    **Notices**.  Unless otherwise agreed to between a Creditor and the Debtor

Page 46 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 49 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

or otherwise stated in the Plan, all notices required or permitted to be made in accordance with the Plan shall be in writing and shall be delivered personally or by regular or certified mail, return receipt requested.  Notice to a holder of an Allowed Claim shall be directed to the address set forth within its Proof of Claim filed with the Court, or if none, to its address set forth in the schedules prepared and filed with the Court, as amended.  Notices shall be deemed given upon delivery, if personally delivered, and upon mailing, if mailed.  Any person may change the address at which such person is to receive notices under the Plan by sending written notice, pursuant to the provisions of this section, to the Debtor and any other person to be charged with knowledge of such change.

18.3    **Reservation of Rights**.  Neither the filing of the Plan nor any statement nor provision contained herein, nor the taking by any Creditor of any action with respect to the Plan, shall, until the Effective Date, (a) be or be deemed to be an admission against interest and (b) be or be deemed to be a waiver of any rights any Creditors may have against Debtor or any of its Assets or any other Creditor, and, until the Effective Date, all such rights are specifically reserved.  In the event that the Effective Date cannot be determined, neither the Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without this Chapter 11 case involving Debtor.

18.4    **Computation of Time Periods**.  In computing any period of time prescribed or allowed by the Plan, the day or month of the act, event or default from which the designated period of time begins to run shall not be included.  The last day or month of the period so computed shall be included.  In the event that the last day is a

Page 47 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 50 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Saturday, Sunday, or legal holiday, then the period shall run until the end of the next day

that is not a Saturday, Sunday, or legal holiday.

18.5    **Creditor's Change of Address**.  Any Creditor who fails to notify the

Debtor in writing of that Creditor's change of address, with the result that the Debtor's

communications to the Creditor are returned by the United States Postal Service for

insufficient or improper address, shall forfeit that Creditor's rights to distributions made

during the time of such failure, but will be entitled to amounts to be distributed after

notifying the Debtor of the new or corrected address.  The Debtor need not distribute

property unclaimed within six (6) months of the final distribution.

18.6    **Utility Deposits**.  All utilities holding a Utility Deposit shall immediately

after the Effective Date return or refund such Utility Deposit to the Debtor. At the sole

option of the Debtor, any Utility Deposit that has not been refunded may be applied in

satisfaction of payments due or to become due from the Debtor to a utility holding such

Utility Deposit.

18.7    **Setoffs**.  Debtor may, but shall not be required to, set off against any claim

and the distributions to be made pursuant to the Plan in respect of such claim, any

claims of any nature whatsoever which Debtor may have against the holder of such

claim, but neither the failure to do so nor the allowance of any claim hereunder shall

constitute a waiver or release of any such claim Debtor may have against such holder.

18.8    **Section 1146(c) Exemption**.  Pursuant to Section 1146(c) of the

Bankruptcy Code, the issuance, transfer or exchange of any security under the Plan, or

the execution, delivery or recording of an instrument of transfer pursuant to, in

implementation of or as contemplated by the Plan, or the revesting, transfer or sale of

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

any real property of Debtor pursuant to, in implementation of or as contemplated by the Plan, shall not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee.  Consistent with the foregoing, each recorder of deeds or similar official for any city, county or government unit in which any instrument hereunder is to be recorded shall, pursuant to the Confirmation Order, be ordered and directed to accept such instrument without requiring the payment of any documentary stamp tax, deed stamps, transfer tax, intangible tax or similar tax.

18.9    **Recordable Order**.  The Confirmation Order shall be deemed to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further or additional orders, certifications or other supporting documents.

18.10   **Reserve Fund.** The Debtor and/or CD Agent shall deposit into a segregated account and hold in trust all cash distributions reserved for the holders of Allowed Claims who have failed to claim distributions made pursuant to the Plan and holders of Disputed Claims.  Cash reserved for Disputed Claims shall be distributed to the holders thereof as and to the extent such claims become Allowed Claims.  For a period of one year following a distribution pursuant to the Plan, cash or other property that is unclaimed following such distribution shall be distributed to the holders of Allowed Claims entitled thereto upon presentation to the Debtor of satisfactory proof of entitlement.  After expiration of the one year period (i) the holders of Allowed Claims entitled to unclaimed property will no longer be entitled thereto, (ii) the Allowed Claims of such holders shall be deemed disallowed and (iii) the then remaining amount of such

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

unclaimed property with respect to such distribution shall become the property of the

Debtor.

18.11 **Effectuating Documents and Further Transactions**  Debtor shall

execute, deliver, file or record such contracts, instruments, assignments and other

agreements or documents, and take or direct such actions as may be necessary or

appropriate to effectuate and further evidence the terms and conditions of this Plan.

DATED this 14th day of December, 2009.

Respectfully submitted,

TEUFEL NURSERY, INC.

By:/s/Lawrence A. Teufel_____
     Lawrence A. Teufel, President


PRESENTED BY:

By:/s/Robert J Vanden Bos_____
     Robert J Vanden Bos, OSB #78100
     Michael A. Elson, OSB #086376
     VANDEN BOS & CHAPMAN, LLP
     319 S.W. Washington, Suite 520
     Portland, Oregon  97204
     Telephone:  (503) 241-4869
     Fax: (503) 241-3731

     Of Attorneys for Debtor-in-Possession

Page 50 of 50 - DEBTOR'S **THIRD AMENDED** PLAN OF REORGANIZATION (Dated: 02/01/10)

**EXHIBIT A, Page 53 of 69**

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

**In re  Teufel Nursery, Inc.;**
**Chapter 11 Case No. 09-34880**

# 3RD AMENDED PLAN

# EXHIBIT A

# EXHIBIT A - DEFINITIONS

Definitions of certain terms used in the Plan are set forth below. Other terms are defined in the text of the Plan. In either case, when a defined term is used, the first letter of each word in the defined term is capitalized.

**Administrative Claim** shall mean: every cost or expense of administration of the Reorganization Case, including any actual and necessary post-petition expenses of preserving the Estate; any Claim, including, but not limited to, allowed claims for compensation of professionals made pursuant to Section 330, 331 and 503(b) and of the Code, entitled to priority pursuant to Section 364 or Sections 503 and 507(a)(2) of the Code. Administrative Claim shall not include Claims for compensation of professionals for services rendered after the Effective Date.

**Administrative Convenience Claim** means those Unsecured Claims of $200.00 or less, and those Unsecured Claims which are voluntarily reduced to $200.00.

**Administrative Expense Claims Bar Date** shall mean **January 15, 2010**.

**Administrative Trade Claim** means those Claims for postpetition trade payables and other postpetition operating expenses such as wages and payroll taxes entitled to priority pursuant to Section 507(a)(2) of the Bankruptcy Code.

**Allowed Claim** means a Claim (a) in respect of which a Proof of Claim has been filed with the Court within the time set by the Court, or (b) which appears on the schedules and lists of Creditors prepared and filed with the Court, as amended, and is not listed as disputed, contingent, unliquidated or unknown as to amount. No Claim shall be considered an Allowed Claim if an objection to the allowance thereof is interposed at any time and such objection has not been denied by an order or judgment that is no longer subject to appeal and as to which no appeal is pending.

**Allowed Secured Claim** shall be an Allowed Claim secured by a lien, security interest, or other charge against or interest in property in which Debtor has an interest or that is subject to setoff under Section 553 of the Code, to the extent of the value (as set forth in the Plan, of if no value is specified, as determined in accordance with Section 506(a) of the Code) of the interest of a holder of such Allowed Claim in Debtor's interest in such property or to the extent of the amount subject to setoff, as the case may be or to the extent permitted by Section 1111(b) of the Code, if applicable.

**Allowed Unsecured Claim** shall be mean any Allowed Claim that is not an Allowed Secured Claim, including the Allowed Unsecured Claims of undersecured Creditors and Allowed Unsecured Claims arising upon rejection of an unexpired lease or executory contract.

**Assets** means real and personal property of Debtor, whether acquired pre-petition, or post-petition, whether tangible or intangible, including, but not limited to, all land, buildings, fixtures, trade fixtures, accounts, contract rights, general intangibles, payment intangibles, commercial tort claims, rights to payment of every kind, including rights to tax refunds, equipment, motor vehicles, goods, machinery, inventory, farm products, chattel paper, leases, conditional sales agreements, cash, deposit accounts, notes, documents, documents of title,

instruments, securities, shares of capital stock, capital equities, and other securities of and Claims against any corporation, joint venture, partnership, or individual or individuals, pledges and agreements to pledge, rights in and Claims under insurance policies, letters of credit, trademarks, trade names, trade styles, licenses, customer lists, good will, bills of lading, warehouse receipts and trust receipts, and all renewals, replacements, substitutions, additions, accessions, rents, issues, and products and proceeds (whether due to voluntary or involuntary disposition) of the foregoing.  Assets also includes Avoidance Claims held by Debtor under the Bankruptcy Code.

**Avoidance Rights** means the Debtor's rights under Chapter 5 of the Bankruptcy Code to recover avoidable transfers, including but not limited to preferential and fraudulent transfers.

**Claim** shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, against Debtor in existence on the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, secured or unsecured.

**Claims Objection Date** shall mean the date by which the Debtor or any interested party must file objections to Claims, which shall be the first Business Day after 60 days after the Effective Date.

**Code** shall mean the Bankruptcy Code, 11 U.S.C. Section 101 et seq., and any amendments thereto.

**Collateral** means, with respect to any Allowed Secured Claim, the property that secures such Claim.

**Confirmation Date** means the date of entry of the Confirmation Order.

**Confirmation Order** means the order confirming the Plan pursuant to §1129 of the Code.

**Contested Claim** means any Claim to which Debtor has objected and such objection has not been withdrawn or the allowed amount of the Claim determined by a Final Order of the Bankruptcy Court.

**Court** means the United States District Court for the District of Oregon having jurisdiction over this Chapter 11 case and, to the extent of any reference made pursuant to 28 U.S.C. § 157, the United States Bankruptcy Court for the District of Oregon, and any court having competent jurisdiction to hear appeals therefrom, including the Bankruptcy Judge presiding over the case.

**Creditor** shall mean any person holding a Claim against Debtor.

**Creditors** shall mean all Creditors of the Debtor holding Claims for unsecured debts, secured debts, liabilities, demands or Claims of any character whatsoever.

**Debtor** means Teufel Nursery, Inc.

**Debtor-in-Possession** means Debtor.

**Designated Parties** at any particular time means (i) the Debtor; and (ii) all Creditors and Lienholders who file with the Court, and serve copies thereof on the Debtor as provided in the Plan, a request that all notices under the Plan after the Effective Date be given to them.

**Disbursing Agent** shall mean the Reorganized Debtor, or such other person or entity specified in the Confirmation Order that will perform the duties of the Disbursing Agent for the Post-Confirmation Estate as set forth in this Plan.

**Disputed Claim** shall mean every Claim that is not an Allowed Claim.

**Effective Date** means the eleventh day after the date on which the order confirming the Plan is entered by the Clerk of the Bankruptcy Court, provided that there is no stay of such order then in effect; or if a stay is then in effect, then the date on which the order confirming the Plan become a Final Order.

**Federal Rate** shall mean a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the Effective Date of the Plan.

**Final Order** means an order or judgment of the Bankruptcy Court which has not been reversed, stayed, modified, or amended, and as to which the time to appeal or seek review has expired and as to which no appeal or petition for review is pending; or an order or judgment which has been reversed, modified or amended and as to which the time to appeal or seek further review has expired and no further appeal or petition for review is pending.

**Lessor Claims** means all Claims of lessors of real or personal property in which Debtor is a lessee and which lease Debtor has, prior to the Confirmation Date, rejected.

**Petition Date** means June 24, 2009.

**Plan** means the Plan of Reorganization and all exhibits hereto, which are incorporated by reference, together with any modifications which may be made from time to time in accordance with Section 1127 of the Code.

**Preserved Litigation Claims** shall mean all rights, claims, torts, liens, actions, causes of action, avoiding powers, proceedings, debts, contracts, judgments, offsets, damages, and demands in law or in equity, including Avoidance Actions, whether known or unknown, contingent or otherwise, that a debtor or an estate has brought or may have against any Person. Failure to list a Preserved Litigation Claim in this Plan does not constitute a debtor's or an estate's waiver or release of that Preserved Litigation Claim.

**Prime Rate** shall mean, on any day, the "Prime Rate" as published in *The Wall Street Journal* on that day under the section "Money Rates", and being defined therein as "[t]he base rate on corporate loans posted by at least 75% of the nation's 30 largest banks." In the event that *The Wall Street Journal* ceases to be published or ceases to publish the "Prime Rate"t then the Prime Rate of Interest shall mean the prime interest rate of Wells Fargo Bank, N.A., its assigns or successors as announced or published from time to time as its prime interest rate.

**Priority Claim** means a Claim having priority as defined in 11 U.S.C. §507.

**Pro rata** means, with respect to any distribution to be distributed to holders of any class of Allowed Claims, the same proportion that such Claim bears to the aggregate dollar amount of (i) all Allowed Claims in that class, and (ii) all Claims in that class which are subject to dispute on such date, but excluding any Claim as to which the holder has voluntarily subordinated the right to distribution.

**Reorganization Case** shall mean this case commenced by the Debtor's filing of a voluntary petition on the Filing Date.

**Secured Claim** means that portion of a Claim secured by a lien, security interest, or other charge against, or interest in, property in which Debtor has an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of such property as set forth in the Plan, or if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code, or to the extent permitted by Section 1111(b) of the Bankruptcy Code, if applicable.

**Secured Creditors** means all Creditors who hold a lien, security interest, or other incumbrance which has been properly perfected as required by law with respect to property owned by the Debtor.

**Third-Party Claims** means all Claims, if any, Debtor may have against any person or entity arising at law or equity, including Claims against insiders, excluding Claims arising under the Bankruptcy Code.

**Unsecured Claim** means any Claim which is not a Priority Claim, Secured Claim, Warranty Claim, Administrative Claim or Administrative Trade Claim.

<u>In re  Teufel Nursery, Inc.;</u>
**Chapter 11 Case No. 09-34880**

# 3RD AMENDED PLAN

# EXHIBIT B

$_____                                        _____, 2009
                                                        Portland, Oregon

### CLASS 13 PROMISSORY NOTE

**Teufel Nursery, Inc.** ("Maker"), promises to pay to _____
**(Collection and Disbursing Agent to be Designated by the Continuing Committee)**
or registered assigns (the "Holder") at _____, or at
such other place as Holder may from time to time designate, the principal sum of $_____
    **(to be filled in with the gross amount of Allowed Claims within Class 13)**
together with interest thereon at the rate of_____% **(to be filled in with the Federal
Rate in effect on the Effective Date)** per annum from the date hereof.

This Note is subject to and governed by the following terms:

1.    Payment of Principal and Interest.

    1.1 Installments. Maker shall make payments on this Note on the
following schedule:

| Date | Total Amount Distributed | Estimated % Paid on Claim |
|------|--------------------------|---------------------------|
| 03/31/10 | $45,000.00 | 1.24% |
| 06/30/10 | $45,000.00 | 1.24% |
| 09/30/10 | $45,000.00 | 1.24% |
| 12/31/10 | $195,000.00* | 5.36% |
| 03/31/11 | $90,000.00 | 2.47% |
| 06/30/11 | $157,000.00 | 4.31% |
| 09/30/11 | $157,000.00 | 4.31% |
| 12/31/11 | $125,000.00 | 3.43% |
| 03/31/12 | $110,000.00 | 3.02% |
| 06/30/12 | $50,000.00 | 1.37% |
| 09/30/12 | $0.00 | 0.00% |
| 12/31/12 | $105,000.00 | 2.88% |
| 03/31/13 | $95,000.00 | 2.61% |

| Date | Total Amount Distributed | Estimated % Paid on Claim |
|---|---|---|
| 06/30/13 | $30,000.00 | 0.82% |
| 09/30/13 | $30,000.00 | 0.82% |
| 12/31/13 | $300,000.00 | 8.24% |
| 03/31/14 | $200,000.00 | 5.49% |
| 06/30/14 | $250,000.00 | 6.87% |
| 09/30/14 | $250,000.00 | 6.87% |
| 12/31/14 | $250,000.00 | 6.87% |
| 12/31/14 | $1,162,865.55 | 31.93% |
| | $3,691,865.55 | 101.39% |

*This amount includes all proceeds (net of sales costs, estimated income tax consequences -- calculated at 30% of the capital gain -- and commissions) from the sale of the McCall, Idaho real estate owned by Teufel Properties. LLC, with a sale projected to be achieved by 12/31/2010, and net proceeds of $150,000.

    1.2 <u>Method and Manner of Payment</u>.  Payment will be made in lawful money of the United States; however, Maker may make payment by its check payable in such money.  All payments may be mailed to Holder's registered address specified in this Note.  Interest will be computed on the basis of a 360-day year of 12 30-day months.

    2. <u>Prepayment</u>.  Maker may, at any time and from time to time, prepay this note, in whole or in part, without premium or penalty. Prepayments may, at the Maker's option, be applied against the next maturing installments, if any.

    3. <u>Default</u>.  If Maker shall fail to make any payment of principal or interest, or both, when due under this note and shall not have cured such default within a period of  days after receipt of written notice of such default by Holder, then Holder may declare the entire unpaid balance of principal and interest of this Note immediately due and payable and may pursue such remedies as are granted by law.

    4.    <u>No Oral Modification</u>.  This note may not be changed, modified or terminated orally.

///

EXHIBIT B, Page 2 of 3

EXHIBIT A, Page 61 of 69

5.    _Notice_. Any notices required or permitted to be given under this Note shall be in writing and be delivered personally or by telex or other telegraphic means or mailed by regular or certified mail, return receipt requested, as follows:

Maker:

Teufel Nursery, Inc.
Attn: Larry Teufel
100 SW Miller Rd.
Portland, OR  97225

With copy to:

Robert J Vanden Bos
VANDEN BOS &, Esq. CHAPMAN, LLP
319 SW Washington, Ste 520
Portland, Oregon   97204

Holder:

_____,
Collection and Disbursing Agent

Notices shall be deemed given when so delivered, transmitted or mailed.  Either party may change the address for receiving notices under this Note by sending written notice, pursuant to the provisions of this Section, to the person to be charged with knowledge of such change.

6.    _Choice of Law_.  This Note shall be governed by and construed and enforced in accordance with, the laws of the state of Oregon without regard to choice of law rules unless Holder is the Internal Revenue Service in which case federal law shall be applicable.

7.    _Litigation Expenses_.  If any legal action or other proceeding is brought to construe, interpret or enforce this Note, the prevailing party shall be entitled to recover from the losing party such party's litigation costs and expenses, including but not limited to reasonable attorneys fees, at trial, on all levels of appellate review and in any bankruptcy proceedings, in addition to any other relief to which such party may be entitled.

TEUFEL NURSERY, INC.


By:_____
     Lawrence A. Teufel
Title: President_____

EXHIBIT B, Page 3 of 3

In re  Teufel Nursery, Inc.;
Chapter 11 Case No. 09-34880

# 3RD AMENDED PLAN

# EXHIBIT C

TEUFEL NURSERY, INC.
SCHEDULE OF PAYMENTS TO GENERAL UNSECURED CREDITORS (CLASS 13)

| DATE | # DAYS | PAYMENTS | INTEREST CHARGE (.37%) | CREDIT INTEREST | CREDIT PRINCIPAL | PRINCIPAL BALANCE | PERCENT OF BALANCE PAID | TOTAL PRINC. & INT. |
|---|---|---|---|---|---|---|---|---|
| 1/1/10 | Beginning Balance | | | | | $ 3,641,354.19 | | $3,641,354.19 |
| | Begin Plan | | | $0.00 | $0.00 | $ 3,641,354.19 | | $3,641,354.19 |
| 3/31/10 | 89 | $45,000.00 | $3,285.20 | $3,285.20 | $41,714.80 | $ 3,599,639.39 | 1.24% | $3,599,639.39 |
| 6/30/10 | 91 | $45,000.00 | $3,320.54 | $3,320.54 | $41,679.46 | $ 3,557,959.93 | 1.24% | $3,557,959.93 |
| 9/30/10 | 92 | $45,000.00 | $3,318.16 | $3,318.16 | $41,681.84 | $ 3,516,278.10 | 1.24% | $3,516,278.10 |
| 12/31/10 | 92 | $195,000.00 | $3,279.29 | $3,279.29 | $191,720.71 | $ 3,324,557.39 | 5.36% | $3,324,557.39 |
| 3/31/11 | 90 | $90,000.00 | $3,033.09 | $3,033.09 | $86,966.91 | $ 3,237,590.48 | 2.47% | $3,237,590.48 |
| 6/30/11 | 91 | $157,000.00 | $2,986.57 | $2,986.57 | $154,013.43 | $ 3,083,577.04 | 4.31% | $3,083,577.04 |
| 9/30/11 | 92 | $157,000.00 | $2,875.75 | $2,875.75 | $154,124.25 | $ 2,929,452.80 | 4.31% | $2,929,452.80 |
| 12/31/11 | 92 | $125,000.00 | $2,732.02 | $2,732.02 | $122,267.98 | $ 2,807,184.81 | 3.43% | $2,807,184.81 |
| 3/31/12 | 91 | $110,000.00 | $2,589.53 | $2,589.53 | $107,410.47 | $ 2,699,774.34 | 3.02% | $2,699,774.34 |
| 6/30/12 | 91 | $50,000.00 | $2,490.45 | $2,490.45 | $47,509.55 | $ 2,652,264.79 | 1.37% | $2,652,264.79 |
| 9/30/12 | 92 | $0.00 | $2,473.51 | $0.00 | $0.00 | $ 2,652,264.79 | 0.00% | $2,654,738.30 |
| 12/31/12 | 92 | $105,000.00 | $2,473.51 | $4,947.02 | $100,052.98 | $ 2,552,211.81 | 2.88% | $2,552,211.81 |
| 3/31/13 | 90 | $95,000.00 | $2,328.46 | $2,328.46 | $92,671.54 | $ 2,459,540.27 | 2.61% | $2,459,540.27 |
| 6/30/13 | 91 | $30,000.00 | $2,268.84 | $2,268.84 | $27,731.16 | $ 2,431,809.11 | 0.82% | $2,431,809.11 |
| 9/30/13 | 92 | $30,000.00 | $2,267.91 | $2,267.91 | $27,732.09 | $ 2,404,077.02 | 0.82% | $2,404,077.02 |
| 12/31/13 | 92 | $300,000.00 | $2,242.05 | $2,242.05 | $297,757.95 | $ 2,106,319.07 | 8.24% | $2,106,319.07 |
| 3/31/14 | 90 | $200,000.00 | $1,921.66 | $1,921.66 | $198,078.34 | $ 1,908,240.73 | 5.49% | $1,908,240.73 |
| 6/30/14 | 91 | $250,000.00 | $1,760.29 | $1,760.29 | $248,239.71 | $ 1,660,001.01 | 6.87% | $1,660,001.01 |
| 9/30/14 | 92 | $250,000.00 | $1,548.12 | $1,548.12 | $248,451.88 | $ 1,411,549.13 | 6.87% | $1,411,549.13 |
| 12/31/14 | 92 | $250,000.00 | $1,316.41 | $1,316.41 | $248,683.59 | $ 1,162,865.55 | 6.87% | $1,162,865.55 |
| 12/31/14 | 0 | $ 1,162,865.55 | $0.00 | $0.00 | $1,162,865.55 | $ - | 31.93% | $1,162,865.55 |
| | | $3,691,865.55 | $50,511.36 | $50,511.36 | $3,641,354.19 | | 101.39% | $0.00 |

12/3/2009

EXHIBIT C, Page 1 of 1

**In re  Teufel Nursery, Inc.;**
**Chapter 11 Case No. 09-34880**

# 3RD AMENDED PLAN

# EXHIBIT D

**TEUFEL NURSERY, INC.**
**CONTRACTS / LEASE AGREEMENTS - ASSUMED**

| LEASE NO. | LEASE /DESCRIPTION | LESSOR |
|---|---|---|
| | Lease dated 04/02/07 - Roy Farm Lease, Washington County, Oregon | Kimberly Teufel |
| | Lease Agreement dated 12/01/06 - 24202 Fragger Road South, Kent, WA  98032 | Teufel Properties, Inc. |
| | Lease Agreement dated 12/01/06 - Miller Road Property, Washington County, Oregon | Teufel Holly Farms, Inc. |
| 73500 74126 73500 | Master Fleet Agreement; Exhibit to Master Fleet Agreement - Electronic Fuel Card Program; Exhibit F - Amendment to Lease - LiftTruxx Lease Program | Gelco Corporation, dba GE Capital Fleet Services |
| 05.83821.A1 | Vehicle Lease Agreement dated May 9, 2005 | Glesby Marks Ltd. |
| 05.83821.A2 | Equipment Lease Agreement dated May 18, 2005 | Glesby Marks Ltd. |
| 2274453 | Lease Agreement dated 04/08/08 - 1 Kyocera KM 5050i | IKON Financial Services |
| 2260119 | Image Management Plus Agreement dated 03/13/08 - 1 Canon IR5000DS ICS Bundle; 1 Cann image RUNNER 3300 w/DocSend ICS Bundle; 1 [FOC][SET] IKN COPR BP550 | IKON Financial Services |
| 2310125 | Lease Agreement dated 07/07/08 - 1 Kyocera 4050i w/Cabinet Bundle | IKON Financial Services |
| | Ground Lease dated 03/14/90 - Hillsboro, Washington County, OR | Port of Portland |
| | Tenant Lease for 8344-8360 SW Nimbus Ave., Ste. 2, Beaverton, OR | Gateway Columbia Properties (Assume only if modified to Debtor's satisfaction.) |
| | Tenant Lease for Eastside Maintenance Yard - 5731 NE 109th, Portland, OR | Wong Family LTD Partnership |
| | Landscape Maintenance Contracts | **ALL CUSTOMERS, ALL STATES.** All landscape maintenance contracts with all customers in all states are assumed.  The list of customer names is proprietary and is not disclosed to preserve value for the Debtor's estate. Disclosure would create an undue risk that Debtor's competitors would utilize the information to "poach" customers and divert business from the Debtor resulting in economic loss to the estate. |

## TEUFEL NURSERY, INC.
## CONTRACTS / LEASE AGREEMENTS - ASSUMED
## OREGON BUILDING/CONSTRUCTION CONTRACTS

| Contract / Job Name | Customer |
|---|---|
| 400 Mill Plain Center | Andersen Construction |
| Lovejoy Block II Pavers | Andersen Construction |
| Vollum Residence PH II '09 | Ann & Dan Vollum |
| Thatcher Park PH I | Canby Excavating |
| Cook Street Pump Station | Canby Excavating |
| CCC Wilsonville Swale | Clackamas Community College |
| Beth Sugarman & Phil Cardeir | COSTCO |
| Koelbel Resi Costco | COSTCO |
| Lori & Mike Norton | COSTCO |
| Cris & Leann Dobbs | COSTCO |
| Karen & Doug Olson Resi Cost | COSTCO |
| Schweiger Resi Costco | COSTCO |
| Hartwig - Bomay Residence | Don Hartwig & Jim Bomay |
| Key Residence | Douglas & Selby Key |
| Eastview Ridge Condos | Eastview Development Inc |
| Stead-Lightell Residence | Eric Stead & Julia Lightell |
| Waterfront Pearl Condos | Hoffman Construction |
| Mt Hood Medical Ctr | Hoffman Construction |
| First & Main | Hoffman Construction |
| 12th & Washington | Hoffman Construction |
| Legacy Emanuel Parking Garag | Hoffman Construction |
| U of O Academic learning Ctr | Hoffman Construction |
| Low Residence | Ivan Siah & Yvonne Low |
| Dougherty Residence | Jeff & Jennifer Dougherty |
| Buehler & Gluck Residence | Jeff Buehler & Lori Gluck |
| Genentech Detention Pond | JL Jersey & Son Inc |
| Brooke Residence | John L.B. Brooke, Trustee |
| Newman Resi PH II 2009 | Judith & Paul Newman |
| Lawrence Residence | Julie & Cade Lawrence |
| Zell Residence | Kathy & Ken Zell |
| Fagen Residence | Katie & Jeff Fagen |
| I-5 Interchange | Kerr Contractors, Inc. |
| 503 Slide Repair | Kerr Contractors, Inc. |
| Blount Residence | Kevin Blount |
| vancouver land bridge | Kiewit Pacific Co |
| Vecchio & Vitti Residence | Lauren Vecchio & Michael Vitti |
| Central High School | LCG Pence |
| The Allison Inn & Spa | Lease Crutcher Lewis |
| Lookout Ridge | Lookout Ridge Townhomes LLC |
| Mazzi & Martin Residence | Mary Mazzi & Rocco Martin |
| Kennedy School | McMenamins |
| McMenamins Kennedy School 09 | McMenamins Pubs |
| McMenamins Grand Lodge | McMenamins Pubs |
| Dick Hannah Residence | Mike Bradley |
| USPS Riverview District | Morcon Construction |
| South Waterfront Park | Nutter Corporation |
| The Park Apartments | Opus NW Contractors, LLC |
| Eberly Residence | Rinda Eberly |
| Tanger Outlet Façade Remodel | SD Deacon |
| Fed Ex Distribution Center | Skanska USA Building Inc |
| Ladd Tower | Snyder Roofing |
| Mississippi Mixed Use | TCR Pacific NW |
| Village @ Cascade Head | Teeny Development, LLC |
| Hockinson Community Park | Thompson Brothers Excavating |
| Pacific Community Park | Thompson Brothers Excavating |
| University Village | Todd Construction |
| Tri Met I 205 S Corridor | Tri Met |
| Solar World | Turner Construction Co |
| Cambrian Park | Verde |
| Creekview Condos | Woodhaven Crossing II, LLC |

## TEUFEL NURSERY, INC.
## CONTRACTS / LEASE AGREEMENTS - ASSUMED
## WASHINGTON BUILDING/CONSTRUCTION CONTRACTS

| Contract / Job Name | Customer |
| --- | --- |
| Main Street Condominiums | 23rd & Maint St Condominm Assc |
| Seahawks Practice Facility | Bayley Construction |
| Puyallup Trbe Indian Elder Ctr | BNBuilders, Inc |
| The Chloe | Compas General Construction |
| MS West Garage Renovation | Corona Wright |
| Seattle BMW Construction | Foushee & Associates Inc |
| Holy Family Parish | Foushee & Associates Inc |
| Boeing Employee Park | General Construction Company |
| YMCA Newcastle | GLY Construction Inc |
| YMCA SeaTac | GLY Construction Inc |
| Kent Station 4 | GLY Construction Inc |
| GMP Homes Div 63 | GMP Homes Issaqh Hghlands, LLC |
| St. Anthony hospital | Hammes Company |
| Heyer Residence | Howard Heyer |
| Lott Residence | J & J Management |
| 11th Ave Townhomes | Jacobson House Inc |
| Interbay Urban Center | JR Abbot Construction Inc |
| Janosky Residence | Karen Janosky |
| Anderson Resi | Leah Anderson |
| Four Season Hotel & Residences | Lease Crutcher Lewis |
| West 8th Office Tower | Lease Crutcher Lewis |
| Four Seasons Unit 1402 | Lease Crutcher Lewis |
| Johnson Residence | Lee Johnson |
| Mallard Bay | Little Duck, Inc |
| Cordes Residence | Mark Cordes |
| Merrill Gardens | Merrill Gardens |
| Microsoft West Campus | Microsoft Corporation |
| Puyallup Healthcare Center | Newland Construction Company |
| YMCA Newcastle-NW Constr | Northwest Construction Inc |
| Murillo residence | Roque Murillo |
| Wood Residence | Sandra Wood |
| 1918 Eighth Office Tower | Sellen Construction |
| IRIS 500 5th Ave N Campus | Sellen Construction |
| MacDonald Residence PH II | Sharon Macdonald |
| Casino Snoqualmie | Skanska USA Building Inc |
| Virginia Mason Hospital Addtn | Skanska USA Building Inc |
| Simoni Residence | Staci & Dino Simoni |
| Springmeyer Residence | Steve & Susan Springmeyer |
| FYO6 WBR 41st Div Drive (439) | Straightline Construction Inc |
| BEQ & Parking Garage | Straightline Construction Inc |
| Superior Tree NW - Chow Resi | Superior Tree NW |
| Tacoma Narrows | Tacoma Narrows Constructors |
| Tacoma Narrows | Tacoma Narrows Constructors |
| Nedell Residence | Tamara Nedell |
| The Bridges at Talus | The Bridges at Talus, LLC |
| Cascadia PH 1 A-B | The Cascadia Project LLC |
| Cascadia Project C-Columbia | The Cascadia Project LLC |
| Cascadia Whitman Project D | The Cascadia Project LLC |
| Cascadia Liberty Ridge Prjct E | The Cascadia Project LLC |
| The Alexan Apartments | Trammell Crow Residential |
| Nintendo of America | Turner Construction Co |
| 1823 Terry Ave Resi Tower | Turner Construction Co |
| Real Residence | Vaughn Real |
| Army Growth Complex | Vet Industrial |
| AGC Dining Facility & Barracks | Vet Industrial Inc |
| Ollivian Tower | Washington Hanover, LLC |
| Stimson Green Manion | WATrust for Historic Preservtn |
|  |  |

**TEUFEL NURSERY, INC.**
**CONTRACTS / LEASE AGREEMENTS - ASSUMED**
**IDAHO BUILDING/CONSTRUCTION CONTRACTS**

| Contract / Job Name | Customer |
|---|---|
| Village Plaza PH II | Banner/Sabey II, LLC |
| Ponderosa Park Welcom Center | EKC, Inc |
| Sugarloaf Campground | EKC, Inc |
| Van Wyck Campground | White Pine Landscape |
| McCall High School | CITY OF MCCALL |
| Westwater Residence | John Westwater |
| Kuskie Residence | Mark & Mary Kuskie |
| Patrick Hughes | Patrick Hughes |